GIBSON, DUNN & CRUTCHER LLP
JOEL S. SANDERS, SBN 107234,
JSanders@gibsondunn.com
RACHEL S. BRASS, SBN 219301,
RBrass@gibsondunn.com
REBECCA JUSTICE LAZARUS, SBN 227330,
RJustice@gibsondunn.com
JOEL WILLARD, SBN 247899,
JWillard@gibsondunn.com
555 Mission Street
Suite 3000
San Francisco, California 94105-2933
Telephone: 415.393.8200
Facsimile: 415.393.8306

Attorneys for Defendant
CHUNGHWA PICTURE TUBES, LTD.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: TFT-LCD (FLAT PANEL) ANTITRUST LITIGATION<br><br>This Document Related to Individual Case No. 3:10-cv-5458-SI<br>_____<br><br>SB LIQUIDATION TRUST,<br><br>          Plaintiff,<br><br>      v.<br><br>AU OPTRONICS CORPORATION; AU OPTRONICS CORPORATION AMERICA, INC.; CHI MEI CORPORATION; CHI MEI OPTOELECTRONICS CORPORATION USA, INC.; CMO JAPAN CO. LTD.; NEXGEN MEDIATECH, INC.; NEXGEN MEDIATECH USA, INC.; CHUNGHWA PICTURE TUBES, LTD.; TATUNG COMPANY OF AMERICA, INC.; EPSON IMAGING DEVICES CORPORATION; EPSON ELECTRONICS AMERICA, INC.; HANNSTAR DISPLAY CORPORATION; LG DISPLAY CO., LTD.; LG DISPLAY AMERICA, INC.; SAMSUNG ELECTRONICS CO., LTD; SAMSUNG SEMICONDUCTOR, INC.; SAMSUNG ELECTRONICS AMERICA, INC.; SHARP CORPORATION; SHARP ELECTRONICS; TOSHIBA CORPORATION; TOSHIBA AMERICA ELECTRONICS COMPONENTS, | Master File No. 3:07-md-1827 SI<br>MDL No. 1827<br><br>Individual Case No. 3:10-cv-5458 SI<br><br><br>**ANSWER OF DEFENDANT CHUNGHWA PICTURE TUBES, LTD. TO SB LIQUIDATION TRUST'S FIRST AMENDED COMPLAINT FOR DAMAGES** |

Gibson, Dunn &
Crutcher LLP

INC.; TOSHIBA MOBILE DISPLAY CO., LTD.;
TOSHIBA AMERICA INFORMATION
SYSTEMS, INC.; HITACHI, LTD.; HITACHI
DISPLAYS, LTD.; HITACHI ELECTRONIC
DEVICES (USA), INC. ,

Defendants.

Defendant Chunghwa Picture Tubes, Ltd. ("CPT"), by and through its undersigned counsel, hereby files its Answer to SB Liquidation Trust's ("Plaintiff") First Amended Complaint ("Complaint"), filed June 21, 2011, admitting, denying, or otherwise averring as follows:

1.      To the extent Paragraph 1 states legal conclusions, CPT is not required to respond.  To the extent a further response is required, CPT denies the allegations contained in Paragraph 1 to the extent that such allegations pertain to CPT.  To the extent the allegations contained in Paragraph 1 do not pertain to CPT, CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1, and, on that basis, denies such allegations.

2.      CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2, and, on that basis, denies such allegations.

3.      CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3, and, on that basis, denies such allegations.

4.      CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4, and, on that basis, denies such allegations.

5.      CPT denies that it contributed to the downfall of SBC, Syntax Groups, and Syntax-Brillian SPE, Inc.  Except as expressly admitted, CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5, and, on that basis, denies such allegations.

6.      CPT denies the allegations contained in Paragraph 6.

7.      CPT admits that Plaintiff purports to bring this action to recover actual damages, any and all statutory and punitive damages, pre-judgment interest and post judgment interest, and the costs of suit, including reasonable attorneys' fees.  Except as expressly admitted, CPT denies the allegations contained in Paragraph 7.

Gibson, Dunn &
Crutcher LLP

8.      To the extent Paragraph 8 states legal conclusions, CPT is not required to respond.  To the extent a further response is required, CPT denies the allegations contained in Paragraph 8.

9.      To the extent Paragraph 9 states legal conclusions, CPT is not required to respond.  To the extent a further response is required, CPT denies the allegations contained in Paragraph 9 to the extent such allegations pertain to CPT.  To the extent the allegations contained in Paragraph 9 do not pertain to CPT, CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9, and, on that basis, denies such allegations.

10.     To the extent Paragraph 10 states a legal conclusion, CPT is not required to respond.  To the extent a further response is required, CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10, and, on that basis, denies such allegations.

11.     CPT admits that Plaintiff's action is related to the case captioned *In re TFT-LCD (Flat Panel) Antitrust Litigation*, Case No. M:07-cv-1827-SI, pending in the Northern District of California, San Francisco Division, Judge Susan Illston presiding.  CPT further admits that pursuant to Pretrial Order #1 in M:07-cv-1827-SI, this case was automatically consolidated with M:07-cv-1827 SI for all pretrial proceedings without any further motion or order.

12.     CPT states that the allegations contained in Paragraph 12 define the terms of the Complaint and are not averments of fact for which a response is required.  To the extent a further response is required, CPT denies the characterization of "LCD Panels" as referring to both TFT-LCD panels and Non-TFT LCD panels and avers that Paragraph 12 renders the Complaint indefinite and uncertain as to the distinction between TFT-LCD and Non-TFT LCD panels.  CPT admits that TFT-LCD and STN-LCD are glass panels composed of an array of tiny pixels that are electronically manipulated in order to display images.  CPT did not manufacture or sell other types of LCD panels, and therefore, except as expressly admitted, CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12, and, on that basis, denies such allegations.

13.     CPT states that the allegations contained in Paragraph 13 define the terms of the Complaint and are not averments of fact for which a response is required.  To the extent further

Gibson, Dunn &
Crutcher LLP

-2-

ANSWER OF DEFENDANT CHUNGHWA PICTURE TUBES, LTD.                    MASTER FILE NO. 3:07-MD-1827 SI
TO PLAINTIFF'S FIRST AMENDED COMPLAINT                             INDIVIDUAL CASE NO. 3:10-CV-5458 SI

response is required, CPT admits that the Complaint defines certain terms as set forth in Paragraph 13, but otherwise denies the allegations contained in Paragraph 13.

14.    CPT states that the allegations contained in Paragraph 14 define the terms of the Complaint and are not averments of fact for which a response is required.  To the extent further response is required, CPT admits that the Complaint defines certain terms as set forth in Paragraph 14.

15.    CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15, and, on that basis, denies such allegations.

16.    CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16, and, on that basis, denies such allegations.

17.    CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17, and, on that basis, denies such allegations.

18.    CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18, and, on that basis, denies such allegations.

19.    CPT states that the allegations contained in Paragraph 19 define the terms of the Complaint and are not averments of fact for which a response is required.  To the extent a further response is required, CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19, and, on that basis, denies such allegations.

20.    CPT states that the indictment referenced in Paragraph 20 speaks for itself.  CPT refers the Court to that document for a full and complete statement of its contents.  CPT admits that AUO Optronics Corporation, AU Optronics Corporation America, Inc., and six of their employees have been indicted for a single count of violating Section 1 of the Sherman Act.  To the extent a further response is required, CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20, and, on that basis, denies such allegations.

21.    CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21, and, on that basis, denies such allegations.

22.    CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22, and, on that basis, denies such allegations.

1

23.     CPT is without knowledge or information sufficient to form a belief as to the truth of

2    the allegations contained in Paragraph 23, and, on that basis, denies such allegations.

3

24.     CPT is without knowledge or information sufficient to form a belief as to the truth of

4    the allegations contained in Paragraph 24, and, on that basis, denies such allegations.

5

25.     CPT is without knowledge or information sufficient to form a belief as to the truth of

6    the allegations contained in Paragraph 25, and, on that basis, denies such allegations.

7

26.     CPT is without knowledge or information sufficient to form a belief as to the truth of

8    the allegations contained in Paragraph 26, and, on that basis, denies such allegations.

9

27.     CPT states that the allegations contained in Paragraph 27 define the terms of the

10   Complaint and are not averments of fact for which a response is required.  To the extent a further

11   response is required, CPT is without knowledge or information sufficient to form a belief as to the

12   truth of the remaining allegations contained in Paragraph 27, and, on that basis, denies such

13   allegations.

14

28.     CPT states that the plea agreements and indictment referenced in Paragraph 28 speak

15   for themselves.  CPT refers the Court to those documents for a full and complete statement of their

16   contents.  CPT admits that Chi Mei Optoelectronics Corporation and four of its employees have

17   agreed to plead guilty to single count informations charging each with violating Section 1 of the

18   Sherman Act.  To the extent a further response is required, CPT is without knowledge or information

19   sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 28, and,

20   on that basis, denies such allegations.

21

29.     CPT admits that Chunghwa Picture Tubes, Ltd. is headquartered at 1127 Heping Rd.,

22   Bade City, Taoyuan, Taiwan, 334 R.O.C. and that it manufactures TFT-LCD panels.  CPT further

23   admits that Chunghwa Picture Tubes Ltd. sold a small number of TFT-LCD panels in the United

24   States in the years 2001 through 2006.  Except as expressly admitted, CPT denies the allegations

25   contained in Paragraph 29.

26

30.     CPT admits that Tatung Company of America, Inc. has its principal place of business

27   in Long Beach, California.  Except as expressly admitted, CPT is without knowledge or information

28

Gibson, Dunn &
Crutcher LLP

-4-

ANSWER OF DEFENDANT CHUNGHWA PICTURE TUBES, LTD.          MASTER FILE NO. 3:07-MD-1827 SI
TO PLAINTIFF'S FIRST AMENDED COMPLAINT                    INDIVIDUAL CASE NO. 3:10-CV-5458 SI

sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 30, and, on that basis, denies such allegations.

31.     CPT states that the allegations in the first sentence of Paragraph 31 define the terms of the Complaint and are not averments of fact for which a response is required.  CPT denies, however, the characterization of Tatung Company of America, Inc. as being synonymously known as "Chunghwa" and avers that Paragraph 31 renders the Complaint indefinite and uncertain as to the distinction between Chunghwa Picture Tubes, Ltd. and Tatung Company of America, Inc.  CPT specifically denies the allegations contained in the last sentence of Paragraph 31.  To the extent not specifically denied, CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 31, and, on that basis, denies such allegations.

32.     CPT states that the plea agreements and indictment referenced in Paragraph 32 speak for themselves.  CPT refers the Court to those documents for a full and complete statement of their contents.  To the extent the term "Chunghwa" refers to Tatung Company of America, Inc., CPT denies the allegations contained in Paragraph 32.  CPT admits that it entered into a plea agreement with the U.S. Department of Justice on or about November 10, 2008.  CPT further admits that it agreed to plead guilty to one-count information charging it with participating in a conspiracy to suppress and eliminate competition by fixing the prices of Large Area TFT-LCDs sold in the United States and elsewhere, from on or about September 14, 2001, to on or about December 1, 2006, in violation of Section 1 of the Sherman Act.  The term "Large Area TFT-LCD," as used in this Answer, means TFT-LCD panels larger than 10 inches used to manufacture televisions, monitors, and notebook and laptop computers.  CPT specifically denies that it conspired to fix, raise, stabilize or maintain prices for small or medium TFT-LCD panels or for LCD Products, including any small or medium TFT-LCD panels or for LCD Products purchased by Plaintiff.  The terms "small TFT-LCD" and "medium TFT-LCD," as used this Answer, means TFT-LCD panels smaller than 10 inches, used to manufacture mobile wireless handsets, blackberries, iPods, and other mobile devices.  CPT further admits that Chieng-Hon "Frank" Lin, Chih-Chun "C.C." Liu, and Hsuen-Lung "Brian" Lee each pleaded guilty to single count of violating the Sherman Act.  CPT further admits that Cheng Yuan

Gibson, Dunn &
Crutcher LLP

-5-

ANSWER OF DEFENDANT CHUNGHWA PICTURE TUBES, LTD.
TO PLAINTIFF'S FIRST AMENDED COMPLAINT

MASTER FILE NO. 3:07-MD-1827 SI
INDIVIDUAL CASE NO. 3:10-CV-5458 SI

1  "C.Y." Lin and Wen Jun "Tony" Cheng were indicted for a single count of violating Section 1 of the

2  Sherman Act.  Except as expressly admitted, CPT denies the allegations contained in Paragraph 32.

3     33. CPT is without knowledge or information sufficient to form a belief as to the truth of

4  the allegations contained in Paragraph 33, and, on that basis, denies such allegations.

5     34. CPT states that the plea agreements referenced in Paragraph 34 speak for themselves.

6  CPT refers the Court to those documents for a full and complete statement of their contents.  CPT

7  admits that HannStar Display Corporation and one of its employees have agreed to plead guilty to

8  single count informations charging each with violating Section 1 of the Sherman Act.  To the extent a

9  further response is required, CPT is without knowledge or information sufficient to form a belief as to

10 the truth of the remaining allegations contained in Paragraph 34, and, on that basis, denies such

11 allegations.

12    35. CPT is without knowledge or information sufficient to form a belief as to the truth of

13 the allegations contained in Paragraph 35, and, on that basis, denies such allegations.

14    36. CPT is without knowledge or information sufficient to form a belief as to the truth of

15 the allegations contained in Paragraph 36, and, on that basis, denies such allegations.

16    37. CPT states that the allegations contained in Paragraph 37 define the terms of the

17 Complaint and are not averments of fact for which a response is required.  To the extent a further

18 response is required, CPT is without knowledge or information sufficient to form a belief as to the

19 truth of the remaining allegations contained in Paragraph 37, and, on that basis, denies such

20 allegations.

21    38. CPT states that the plea agreements and indictment referenced in Paragraph 38 speak

22 for themselves.  CPT refers the Court to those documents for a full and complete statement of their

23 contents.  CPT admits that LG Display Co. Ltd. and LG Display America, Inc. and two of their

24 employees have agreed to plead guilty to single count informations charging each with violating

25 Section 1 of the Sherman Act.  To the extent a further response is required, CPT is without

26 knowledge or information sufficient to form a belief as to the truth of the remaining allegations

27 contained in Paragraph 38, and, on that basis, denies such allegations.

28

39.     CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39, and, on that basis, denies such allegations.

40.     CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 40, and, on that basis, denies such allegations.

41.     CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 41, and, on that basis, denies such allegations.

42.     CPT states that the allegations contained in Paragraph 42 define the terms of the Complaint and are not averments of fact for which a response is required.  To the extent a further response is required, CPT is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 42, and, on that basis, denies such allegations.

43.     CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 43, and, on that basis, denies such allegations.

44.     CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 44, and, on that basis, denies such allegations.

45.     CPT states that the allegations contained in Paragraph 45 define the terms of the Complaint and are not averments of fact for which a response is required.  To the extent a further response is required, CPT is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 45, and, on that basis, denies such allegations.

46.     CPT states that the plea agreement referenced in Paragraph 46 speaks for itself.  CPT refers the Court to that document for a full and complete statement of its contents.  CPT admits that Sharp Corporation has agreed to plead guilty to a single count information charging it with violating Section 1 of the Sherman Act.  To the extent a further response is required, CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 46, and, on that basis, denies such allegations.

47.     CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 47, and, on that basis, denies such allegations.

Gibson, Dunn & Crutcher LLP

ANSWER OF DEFENDANT CHUNGHWA PICTURE TUBES, LTD.
TO PLAINTIFF'S FIRST AMENDED COMPLAINT

MASTER FILE NO. 3:07-MD-1827 SI
INDIVIDUAL CASE NO. 3:10-CV-5458 SI

48. CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 48, and, on that basis, denies such allegations.

49. CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 49, and, on that basis, denies such allegations.

50. CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 50, and, on that basis, denies such allegations.

51. CPT states that the allegations contained in Paragraph 51 define the terms of the Complaint and are not averments of fact for which a response is required. To the extent a further response is required, CPT is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 51, and, on that basis, denies such allegations.

52. CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 52, and, on that basis, denies such allegations.

53. CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 53, and, on that basis, denies such allegations.

54. CPT states that the allegations contained in Paragraph 54 define the terms of the Complaint and are not averments of fact for which a response is required. To the extent a further response is required, CPT is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 54, and, on that basis, denies such allegations.

55. CPT states that the plea agreement referenced in Paragraph 55 speaks for itself. CPT refers the Court to that document for a full and complete statement of its contents. CPT admits that Epson Imaging Devices Corporation has agreed to plead guilty to a single count information charging it with violating Section 1 of the Sherman Act. To the extent a further response is required, CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 55, and, on that basis, denies such allegations.

56. CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 56, and, on that basis, denies such allegations.

Gibson, Dunn & Crutcher LLP

ANSWER OF DEFENDANT CHUNGHWA PICTURE TUBES, LTD.
TO PLAINTIFF'S FIRST AMENDED COMPLAINT

MASTER FILE NO. 3:07-MD-1827 SI
INDIVIDUAL CASE NO. 3:10-CV-5458 SI

57.     CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 57, and, on that basis, denies such allegations.

58.     CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 58, and, on that basis, denies such allegations.

59.     CPT states that the allegations contained in Paragraph 59 define the terms of the Complaint and are not averments of fact for which a response is required.  To the extent a further response is required, CPT is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 59, and, on that basis, denies such allegations.

60.     CPT states that the plea agreement and indictment referenced in Paragraph 60 speak for themselves.  CPT refers the Court to those documents for a full and complete statement of their contents.  CPT admits that Hitachi Displays, Ltd. has agreed to plead guilty to a single count information charging it with violating Section 1 of the Sherman Act.  CPT further admits that one of its employees was indicted for a single count of violating Section 1 of the Sherman Act.  To the extent a further response is required, CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 60, and, on that basis, denies such allegations.

61.     CPT admits it sold a small number of TFT-LCD panels in the United States and in the Northern District of California in the years 2001 through 2006.  Except as expressly admitted, to the extent the allegations contained in Paragraph 61 pertain to CPT, CPT denies such allegations.  Except as expressly admitted, to the extent the allegations contained in Paragraph 61 do not pertain to CPT, CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations, and, on that basis, denies such allegations.

62.     To the extent Paragraph 62 states legal conclusions, CPT is not required to respond.  To the extent a further response is required, CPT denies the allegations contained in Paragraph 62.

63.     To the extent Paragraph 63 states legal conclusions, CPT is not required to respond.  To the extent a further response is required, CPT is without knowledge or information sufficient to

Gibson, Dunn & Crutcher LLP

-9-

form a belief as to the truth of the allegations contained in Paragraph 63 and, on that basis, denies such allegations.

64.     CPT admits that LCD Panels used in computer monitors, laptop computers, televisions, mobile phones, and hand-held devices between January 1, 1996 and December 11, 2006 included TFT-LCD Panels and STN-LCD Panels.  Except as expressly admitted, CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 64, and, on that basis, denies such allegations.

65.     CPT admits that TFT-LCD panels have value as components for LCD Products. Except as expressly admitted, CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 65, and, on that basis, denies such allegations.

66.     CPT admits the allegations contained in the first sentence of Paragraph 66.  CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of Paragraph 66, and, on that basis, denies such allegations.

67.     To the extent Paragraph 67 states legal conclusions, CPT is not required to respond. To the extent a further response is required, CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 67, and, on that basis, denies such allegations.

68.     CPT denies that the market for LCD Products is the same as the market for LCD Panels.  To the extent further response is required, CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 68, and, on that basis, denies such allegations.

69.     CPT denies the allegations contained in Paragraph 69.

70.     To the extent Paragraph 70 states legal conclusions, CPT is not required to respond. To the extent a further response is required, CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 70, and, on that basis, denies such allegations.

71.     To the extent Paragraph 71 states legal conclusions, CPT is not required to respond. To the extent a further response is required, CPT denies the allegations contained in Paragraph 71.

Gibson, Dunn & Crutcher LLP

72.     CPT admits that certain employees of Chunghwa Picture Tubes, Ltd. have traveled to the United States to negotiate sales of TFT-LCDs.  CPT further admits that certain employees of Chunghwa Picture Tubes, Ltd. lived in the United States and facilitated sales of TFT-LCDs at certain times between September 14, 2001 and December 1, 2006.  Except as expressly admitted, to the extent the allegations contained in Paragraph 72 pertain to CPT, CPT denies such allegations.  Except as expressly admitted, to the extent the allegations contained in Paragraph 72 do not pertain to CPT, CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 72, and, on that basis, denies such allegations.

73.     To the extent the allegations contained in Paragraph 73 pertain to CPT, CPT denies such allegations.  To the extent the allegations contained in Paragraph 73 do not pertain to CPT, CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 73, and, on that basis, denies such allegations.

74.     CPT admits that Chunghwa Picture Tubes Ltd. shipped a small number of TFT-LCD panels in the United States in the years 2001 through 2006.  Except as expressly admitted, to the extent the allegations contained in Paragraph 74 pertain to CPT, CPT denies such allegations.  Except as expressly admitted, to the extent the allegations contained in Paragraph 74 do not pertain to CPT, CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 74, and, on that basis, denies such allegations.

75.     CPT admits that TFT-LCD panels can be incorporated into LCD Products.  CPT admits that certain employees of Chunghwa Picture Tubes, Ltd. sometimes monitored the prices for LCD Products that contained Large Area TFT-LCD.  Except as expressly admitted, to the extent the allegations contained in Paragraph 75 pertain to CPT, CPT denies such allegations.  Except as expressly admitted, to the extent the allegations contained in Paragraph 75 do not pertain to CPT, CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 75, and, on that basis, denies such allegations.

76.     CPT admits that certain employees of Chunghwa Picture Tubes, Ltd. sometimes monitored the "street prices" for certain types of LCD Products that contained Large Area TFT-LCD. Except as expressly admitted, to the extent the allegations contained in Paragraph 76 pertain to CPT,

Gibson, Dunn &
Crutcher LLP

CPT denies such allegations. Except as expressly admitted, to the extent the allegations contained in Paragraph 76 do not pertain to CPT, CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 76, and, on that basis, denies such allegations.

77. CPT states that the complaints referred to in Paragraph 77 speak for themselves. CPT refers the Court to those documents for a full and complete statement of their contents. CPT admits it entered into a plea agreement with the U.S. Department of Justice on or about November 10, 2008, in which CPT admitted that that its business activities and those of its coconspirators in connection with the production and sales of TFT -LCD affected by this conspiracy were within the flow of, and substantially affected, interstate and foreign trade and commerce. Except as expressly admitted, to the extent the allegations contained in Paragraph 77 pertain to CPT, CPT denies such allegations. Except as expressly admitted, to the extent the allegations contained in Paragraph 77 do not pertain to CPT, CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 77, and, on that basis, denies such allegations.

78. CPT admits that it entered into a plea agreement with the U.S. Department of Justice on November 10, 2008, the contents of which speak for itself. CPT refers the Court to that document for a full and complete statement of its contents. CPT further states that the plea agreements entered into by certain other Defendants also speak for themselves. CPT also refers the Court to those documents for a full and complete statement of their contents. Except as expressly admitted, and to the extent the allegations contained in Paragraph 78 pertain to CPT, CPT denies such allegations. Except as expressly admitted, to the extent the allegations contained in Paragraph 78 do not pertain to CPT, CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 78 and, on that basis, denies such allegations.

79. To the extent Paragraph 79 states a legal conclusion, CPT is not required to respond. To the extent a further response is required, CPT denies the allegations contained in Paragraph 79.

80. To the extent Paragraph 80 states legal conclusions, CPT is not required to respond. To the extent a further response is required, CPT denies the allegations contained in Paragraph 80.

Gibson, Dunn &
Crutcher LLP

ANSWER OF DEFENDANT CHUNGHWA PICTURE TUBES, LTD.
TO PLAINTIFF'S FIRST AMENDED COMPLAINT

MASTER FILE NO. 3:07-MD-1827 SI
INDIVIDUAL CASE NO. 3:10-CV-5458 SI

81.     CPT admits that certain employees of Chunghwa Picture Tubes, Ltd. have traveled to the United States to negotiate sales of Large Area TFT-LCDs for use in notebook computers and monitors.  CPT further admits that it sometimes received information about demand in the United States for end-products containing Large Area TFT-LCDs.  Except as expressly admitted, to the extent the allegations contained in Paragraph 81 pertain to CPT, CPT denies such allegations.  Except as expressly admitted, to the extent the allegations contained in Paragraph 81 do not pertain to CPT, CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 81, and, on that basis, denies such allegations.

82.     CPT admits that certain employees of Chunghwa Picture Tubes, Ltd. attended certain group meetings in Taiwan (Crystal Meetings) with representatives of certain Large Area TFT-LCD competitors between September 14, 2001 and December 1, 2006.  CPT further admits that certain employees of Chunghwa Picture Tubes, Ltd. had bilateral discussions regarding Large Area TFT-LCDs with representatives of certain Large Area TFT-LCD competitors between 2000 and 2006.  To the extent the remaining allegations contained in Paragraph 82 pertain to CPT, CPT denies such allegations.  To the extent the remaining allegations contained in Paragraph 82 do not pertain to CPT, CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations, and, on that basis, denies such allegations.

83.     CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 83, and, on that basis, denies such allegations.

84.     To the extent the term "Chunghwa" refers to Tatung Company of America, Inc., CPT denies the allegations contained in Paragraph 84.  CPT admits that it entered into licensing arrangements with Mitsubishi.  CPT also admits that AU Optronics, Chi Mei, Chunghwa Picture Tubes, Ltd., HannStar, LG Display and Samsung participated in multiple CEO, Commercial, and Working Level meetings between September 14, 2001 and December 1, 2006.  CPT further admits that AU Optronics, Chi Mei, Chunghwa Picture Tubes, Ltd., HannStar, LG Display and Samsung sometimes entered into understandings concerning prices of Large Area TFT-LCDs to certain Large Area TFT-LCD customers with other attendees of the CEO and Commercial meetings.  CPT specifically denies that it agreed on prices, price increases, or production limits and quotas for small

or medium TFT-LCD panels or for LCD Products.  Except as expressly admitted or denied, to the extent the allegations contained in Paragraph 84 pertain to CPT, CPT denies such allegations.  Except as expressly admitted or denied, to the extent the allegations contained in Paragraph 84 do not pertain to CPT, CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 84, and, on that basis, denies such allegations.

85.     CPT admits that certain employees of Chunghwa Picture Tubes, Ltd. attended certain group meetings in Taiwan (Crystal Meetings) with representatives of certain Large Area TFT-LCD competitors between September 14, 2001 and December 1, 2006.  CPT further admits that sometimes understandings concerning prices of Large Area TFT-LCDs to certain Large Area TFT-LCD customers were reached among attendees of Crystal Meetings.  Except as expressly admitted, CPT denies the allegations contained in Paragraph 85.

86.     To the extent the allegations contained in Paragraph 86 pertain to CPT, CPT denies such allegations.  To the extent the allegations contained in Paragraph 86 do not pertain to CPT, CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 86, and, on that basis, denies such allegations.

87.     CPT admits that certain employees of Chunghwa Picture Tubes, Ltd. attended certain group meetings in Taiwan (Crystal Meetings) with representatives of certain Large Area TFT-LCD competitors between September 14, 2001 and December 1, 2006.  CPT further admits that the attendees at these meetings sometimes discussed the prices of Large Area TFT-LCDs and the supply of Large Area TFT-LCDs.  Except as expressly admitted, to the extent the allegations contained in Paragraph 87 pertain to CPT, CPT denies such allegations.  Except as expressly admitted, to the extent the allegations contained in Paragraph 87 do not pertain to CPT, CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations, and, on that basis, denies such allegations.

88.     CPT admits that Crystal Meetings were characterized as "CEO" or "Top" meetings and "Commercial" or "Operational" meetings.  CPT further admits that "Commercial" or "Operational" meetings were generally attended by vice presidents and senior sales executives from

Gibson, Dunn & Crutcher LLP

ANSWER OF DEFENDANT CHUNGHWA PICTURE TUBES, LTD.          MASTER FILE NO. 3:07-MD-1827 SI
TO PLAINTIFF'S FIRST AMENDED COMPLAINT                    INDIVIDUAL CASE NO. 3:10-CV-5458 SI

1    those companies who participated in these meetings.  Except as expressly admitted, CPT denies the

2    allegations contained in Paragraph 88.

3        89.    CPT admits that "CEO" Crystal Meetings occurred from September 14, 2001 through

4    2002.  CPT further admits that the attendees at "CEO" Crystal Meeting discussed the prices of Large

5    Area TFT-LCDs and the supply of Large Area TFT-LCDs.  CPT further admits that sometimes

6    understandings concerning prices of Large Area TFT-LCDs to certain Large Area TFT-LCD

7    customers were reached among attendees of Crystal Meetings.  CPT admits that the meetings had a

8    "chairman," who sometimes used a projector or a whiteboard.  CPT admits that "CEO" Crystal

9    Meeting attendees sometimes took turns making comments regarding Large Area TFT-LCDs.

10   Except as expressly admitted, CPT denies the allegations contained in Paragraph 89.

11       90.    CPT admits that there were "Commercial" Crystal Meetings between September 14,

12   2001 and December 1, 2006 that operated in a manner similar to "CEO" Crystal Meetings.  CPT

13   admits that "Commercial" meetings took place more frequently than "CEO" Crystal Meetings.

14   Except as expressly admitted, CPT denies the allegations contained in Paragraph 90.

15       91.    CPT further admits that Crystal Meeting attendees sometimes discussed the prices of

16   Large Area TFT-LCDs and the supply of Large Area TFT-LCDs.  CPT further admits that sometimes

17   understandings concerning prices of Large Area TFT-LCDs to certain Large Area TFT-LCD

18   customers were reached among attendees of Crystal Meetings.  Except as expressly admitted, CPT

19   denies the allegations contained in Paragraph 91.

20       92.    CPT admits that there were CEO and Commercial meetings during which the

21   attendees discussed the prices of Large Area TFT-LCDs and the supply of Large Area TFT-LCDs.

22   Except as expressly admitted, CPT denies the allegations contained in Paragraph 92.

23       93.    CPT admits that certain employees of Chunghwa Picture Tubes, Ltd. that attended

24   "CEO" and "Commercial" Crystal Meetings took steps to conceal the existence of the Crystal

25   Meetings.  Except as expressly admitted, CPT is without knowledge or information sufficient to form

26   a belief as to the truth of the allegations contained in Paragraph 93, and, on that basis, denies such

27   allegations.

28

ANSWER OF DEFENDANT CHUNGHWA PICTURE TUBES, LTD.          MASTER FILE NO. 3:07-MD-1827 SI
TO PLAINTIFF'S FIRST AMENDED COMPLAINT                    INDIVIDUAL CASE NO. 3:10-CV-5458 SI

94.     CPT admits that the structure of the so-called "working level" meetings was less formal than the "CEO" or "Commercial" meetings and often occurred at restaurants over meals.  CPT further admits that "working level" meeting attendees sometimes discussed Large Area TFT-LCD prices, supply, demand, and production.  Expect as so expressly admitted, CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 94, and, on that basis, denies such allegations.

95.     CPT admits that "working level" meetings were discontinued sometime in 2006.  CPT admits that, between the time the "working level" meetings were discontinued and December 1, 2006, certain employees of Chunghwa Picture Tubes, Ltd. attended one-on-one meetings with representatives of certain Large Area TFT-LCD competitors that formerly attended the "working level" meetings.  Except as expressly admitted, to the extent the allegations contained in Paragraph 95 pertains to CPT, CPT denies such allegations.  Except as expressly admitted, to the extent the allegations contained in Paragraph 95 do not pertain to CPT, CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 95, and, on that basis, denies such allegations.

96.     CPT admits that certain employees of Chunghwa Picture Tubes, Ltd. had bilateral discussions regarding Large Area TFT-LCDs with representatives of certain Large Area TFT-LCD competitors between September 14, 2001 and December 1, 2006.  CPT specifically denies that it agreed on prices, price increases, or production limits and quotas for small or medium TFT-LCD panels or for LCD Products.  Except as expressly admitted, to the extent the allegations contained in Paragraph 96 pertain to CPT, CPT denies such allegations.  Except as expressly admitted, to the extent the allegations contained in Paragraph 96 do not pertain to CPT, CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 96, and, on that basis, denies such allegations.

97.     CPT admits that it agreed to plead guilty to a one-count Information charging it with participating in a conspiracy to suppress and eliminate competition by fixing the prices of Large Area TFT-LCDs sold in the United States and elsewhere, from on or about September 14, 2001, to on or about December 1, 2006, in violation of Section 1 of the Sherman Act.  CPT specifically denies that

it conspired to fix, raise, stabilize or maintain prices for small or medium TFT-LCD panels, including any panels purchased by Plaintiff, or LCD Products.  Except as expressly admitted, to the extent the allegations contained in Paragraph 97 pertain to CPT, CPT denies such allegations.  Except as expressly admitted, to the extent the allegations contained in Paragraph 97 do not pertain to CPT, CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 97, and, on that basis, denies such allegations.

98.     To the extent the allegations contained in Paragraph 98 pertain to CPT, CPT denies such allegations.  To the extent the allegations contained in Paragraph 98 do not pertain to CPT, CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 98, and, on that basis, denies such allegations.

99.     CPT admits that acts in furtherance of the violation of the Sherman Act related to Large Area TFT-LCDs to which it pleaded guilty were carried out within the Northern District of California.  Except as expressly admitted, to the extent the allegations contained in Paragraph 99 pertain to CPT, CPT denies such allegations.  Except as expressly admitted, to the extent the allegations contained in Paragraph 99 do not pertain to CPT, CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 99, and, on that basis, denies such allegations.

100.    To the extent the allegations contained in Paragraph 100 pertain to CPT, CPT denies such allegations.  To the extent the allegations contained in Paragraph 100 do not pertain to CPT, CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 100, and, on that basis, denies such allegations.

101.    CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 101, and, on that basis, denies such allegations.

102.    To the extent the allegations contained in Paragraph 102 pertain to CPT, CPT denies such allegations.  To the extent the allegations contained in Paragraph 102 do not pertain to CPT, CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 102, and, on that basis, denies such allegations.

Gibson, Dunn &
Crutcher LLP

ANSWER OF DEFENDANT CHUNGHWA PICTURE TUBES, LTD.          MASTER FILE NO. 3:07-MD-1827 SI
TO PLAINTIFF'S FIRST AMENDED COMPLAINT                    INDIVIDUAL CASE NO. 3:10-CV-5458 SI

103.     To the extent the allegations contained in Paragraph 103 pertain to CPT, CPT denies such allegations.  To the extent the allegations contained in Paragraph 103 do not pertain to CPT, CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 103, and, on that basis, denies such allegations.

104.     CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 104, and, on that basis, denies such allegations.

105.     To the extent the allegations contained in Paragraph 105 pertain to CPT, CPT denies such allegations.  To the extent the allegations contained in Paragraph 105 do not pertain to CPT, CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 105, and, on that basis, denies such allegations.

106.     CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 106, and, on that basis, denies such allegations.

107.     To the extent the allegations contained in Paragraph 107 pertain to CPT, CPT denies such allegations.  To the extent the allegations contained in Paragraph 107 do not pertain to CPT, CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 107, and, on that basis, denies such allegations.

108.     CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 108, and, on that basis, denies such allegations.

109.     To the extent the term "Chunghwa" refers to Tatung Company of America, Inc., CPT denies the allegations contained in Paragraph 109.  CPT admits that AU Optronics, Chi Mei, Chunghwa Picture Tubes, Ltd., HannStar, LG Display and Samsung participated in multiple CEO, Commercial, and working-level meetings between September 14, 2001 and December 1, 2006.  CPT further admits that Unipac Electronics participated in a certain number of working-level meetings. CPT further admits that AU Optronics, Chi Mei, Chunghwa Picture Tubes, Ltd., HannStar, LG Display and Samsung sometimes entered into understandings concerning prices of Large Area TFT-LCDs to certain Large Area TFT-LCD customers with other attendees of the CEO and Commercial meetings.  CPT further admits that certain employees of Chunghwa Picture Tubes, Ltd. had bilateral discussions regarding Large Area TFT-LCDs with representatives of certain Large Area TFT-LCD

-18-

Gibson, Dunn &
Crutcher LLP

competitors between September 14, 2001 and December 1, 2006.  CPT specifically denies that it agreed on prices, price increases, or production limits and quotas for small or medium TFT-LCD panels or for LCD Products.  Except as expressly admitted, CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 109, and, on that basis, denies such allegations.

110.   CPT admits that between September 14, 2001 and December 1, 2006 certain employees of Chunghwa Picture Tubes, Ltd. attended "working-level" meetings regarding Large Area TFT-LCD with employees from the Taiwanese branch of Sharp.  Except as expressly admitted, CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 110, and, on that basis, denies such allegations.

111.   CPT admits that Hitachi participated in bilateral discussions between September 14, 2001 and December 1, 2006.  Except as expressly admitted, CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 111, and, on that basis, denies such allegations.

112.   CPT states that the plea agreement entered into by Sharp Corporation speaks for itself.  CPT refers the Court to that document for a full and complete statement of its contents.  To the extent a further response is required, CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 112, and, on that basis, denies such allegations.

113.   CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 113, and, on that basis, denies such allegations.

114.   CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 114, and, on that basis, denies such allegations.

115.   CPT denies the allegations contained in Paragraph 115.

116.   CPT denies the allegations contained in Paragraph 116.

117.   CPT admits that it is costly to build new fabrication plants, or "fabs," to manufacture TFT-LCD panels.  CPT further admits that TFT-LCD panels are subject to technological advancements and that firms in the industry must spend significant capital on research and development.  Except as expressly admitted, CPT denies the allegations contained in Paragraph 117.

Gibson, Dunn & Crutcher LLP

-19-

118.   CPT denies the allegations contained in Paragraph 118.

119.   On information and belief, CPT admits that AU Optronics and Toshiba Matsushita and IPS Alpha were created, that Fujitsu Limited transferred its TFT-LCD business to Sharp, and that AU Optronics acquired Quanta Display, Inc. during the alleged Conspiracy Period.  Except as expressly admitted, CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 119, and, on that basis, denies such allegations.

120.   CPT admits that it entered into licensing arrangement with Mitsubishi.  Except as expressly admitted, to the extent the allegations contained in Paragraph 120 pertain to CPT, CPT denies such allegations.  Except as expressly admitted, to the extent the allegations contained in Paragraph 120 do not pertain to CPT, CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 120, and, on that basis, denies such allegations.

121.   To the extent the allegations contained in Paragraph 121 pertain to CPT, CPT denies such allegations.  To the extent the allegations contained in Paragraph 121 do not pertain to CPT, CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 121, and, on that basis, denies such allegations.

122.   CPT denies the allegations contained in Paragraph 122.

123.   CPT denies the allegations contained in Paragraph 123.

124.   CPT denies the allegations contained in Paragraph 124.

125.   CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 125, and, on that basis, denies such allegations.

126.   CPT admits that certain employees of Chunghwa Picture Tubes, Ltd. attended certain group meetings in Taiwan (Crystal Meetings) with representatives of certain Large Area TFT-LCD competitors between September 14, 2001 and December 1, 2006.  CPT further admits that sometimes understandings concerning prices of Large Area TFT-LCDs to certain Large Area TFT-LCD customers were reached among attendees of Crystal Meetings.  Except as expressly admitted, to the extent the allegations contained in Paragraph 126 pertain to CPT, CPT denies such allegations. Except as expressly admitted, to the extent the allegations contained in Paragraph 126 do not pertain

Gibson, Dunn & Crutcher LLP

ANSWER OF DEFENDANT CHUNGHWA PICTURE TUBES, LTD.
TO PLAINTIFF'S FIRST AMENDED COMPLAINT

MASTER FILE NO. 3:07-MD-1827 SI
INDIVIDUAL CASE NO. 3:10-CV-5458 SI

1   to CPT, CPT is without knowledge or information sufficient to form a belief as to the truth of the

2   allegations contained in Paragraph 126, and, on that basis, denies such allegations.

3          127.    To the extent the allegations contained in Paragraph 127 pertain to CPT, CPT denies

4   such allegations.  To the extent the allegations contained in Paragraph 127 do not pertain to CPT,

5   CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations

6   contained in Paragraph 127, and, on that basis, denies such allegations.

7          128.    CPT is without knowledge or information sufficient to form a belief as to the truth of

8   the allegations contained in Paragraph 128, and, on that basis, denies such allegations.

9          129.    CPT is without knowledge or information sufficient to form a belief as to the truth of

10  the allegations contained in Paragraph 129, and, on that basis, denies such allegations.

11         130.    CPT admits there are at least eight generations of TFT-LCD fabs.  CPT further admits

12  that each new TFT-LCD Panel generation begins the manufacturing process with larger pieces of

13  glass.  Except as expressly admitted, to the extent the allegations contained in Paragraph 130 pertain

14  to CPT, CPT denies such allegations.  Except as expressly admitted, to the extent the allegations

15  contained in Paragraph 130 do not pertain to CPT, CPT is without knowledge or information

16  sufficient to form a belief as to the truth of the allegations contained in Paragraph 130, and, on that

17  basis, denies such allegations.

18         131.    CPT admits that backlights, color filters, and PCB polarizers are components used to

19  manufacture TFT-LCD panels.  CPT further admits that glass is used to manufacture TFT-LCD

20  panels.  To the extent further response is required, CPT is without knowledge or information

21  sufficient to form a belief as to the truth of the allegations contained in the fourth sentence of

22  Paragraph 131, and, on that basis, denies such allegations.  Except as expressly admitted, CPT denies

23  the allegations in Paragraph 131.

24         132.    CPT denies the allegations contained in Paragraph 132.

25         133.    CPT is without knowledge or information sufficient to form a belief as to the truth of

26  the allegations contained in Paragraph 133, and, on that basis, denies such allegations.

27         134.    To the extent the allegations contained in Paragraph 134 pertain to CPT, CPT denies

28  such allegations.  To the extent the allegations contained in Paragraph 134 do not pertain to CPT,

1  CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations

2  contained in Paragraph 134, and, on that basis, denies such allegations.

3       135.    To the extent the allegations contained in Paragraph 135 pertain to CPT, CPT denies

4  such allegations.  To the extent the allegations contained in Paragraph 135 do not pertain to CPT,

5  CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations

6  contained in Paragraph 135, and, on that basis, denies such allegations.

7       136.    CPT is without knowledge or information sufficient to form a belief as to the truth of

8  the allegations contained in Paragraph 136, and, on that basis, denies such allegations.

9       137.    CPT states that the Securities and Exchange Commission filing referred to in

10  Paragraph 137 speaks for itself.  CPT refers the Court to that document for a full and complete

11  statement of its contents.  To the extent a further response is required, CPT is without knowledge or

12  information sufficient to form a belief as to the truth of the allegations contained in Paragraph 137,

13  and, on that basis, denies such allegations.

14       138.    The news reports referred to in Paragraph 138 speak for themselves.  CPT refers the

15  Court to those documents for a full and complete statement of their contents.  To the extent a further

16  response is required, CPT is without knowledge or information sufficient to form a belief as to the

17  truth of the allegations contained in Paragraph 138, and, on that basis, denies such allegations.

18       139.    The public statements referred to in Paragraph 139 speak for themselves.  CPT refers

19  the Court to those documents for a full and complete statement of their contents.  To the extent a

20  further response is required, CPT is without knowledge or information sufficient to form a belief as to

21  the truth of the allegations contained in Paragraph 139, and, on that basis, denies such allegations.

22       140.    CPT admits that starting in December 2006 and continuing into 2007, it was revealed

23  that authorities in Japan, South Korea, the European Union, and the United States were conducting

24  investigations into possible anti-competitive activity in the TFT-LCD industry.  Except as expressly

25  admitted, CPT is without knowledge or information sufficient to form a belief as to the truth of the

26  allegations contained in Paragraph 140, and, on that basis, denies such allegations.

27       141.    CPT admits that the U.S. Department of Justice has been investigating possible anti-

28  competitive activity in the TFT-LCD industry since at least 2006.  Except as expressly admitted, CPT

Gibson, Dunn &
Crutcher LLP

-22-

ANSWER OF DEFENDANT CHUNGHWA PICTURE TUBES, LTD.        MASTER FILE NO. 3:07-MD-1827 SI
TO PLAINTIFF'S FIRST AMENDED COMPLAINT                 INDIVIDUAL CASE NO. 3:10-CV-5458 SI

is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 141, and, on that basis, denies such allegations.

142.    CPT states that the June 10, 2010 grand jury indictment referred to in Paragraph 142 speaks for itself.  CPT refers the Court to that document for a full and complete statement of its contents.  To the extent the term "Chunghwa" refers to Tatung Company of America, Inc., CPT denies the allegations contained in Paragraph 142.  CPT admits that it agreed to plead guilty to a one-count Information charging it with participating in a conspiracy to suppress and eliminate competition by fixing the prices of Large Area TFT-LCDs sold in the United States and elsewhere, from on or about September 14, 2001, to on or about December 1, 2006, in violation of Section 1 of the Sherman Act.  CPT further admits that Chieng-Hon "Frank" Lin, Chih-Chun "C.C." Liu, and Hsuen-Lung "Brian" Lee, agreed to plead guilty to a single count of violating of Section 1 of the Sherman Act and CPT admits Cheng Yuan "C.Y." Lin and Wen Jun "Tony" Cheng were indicted for a single count of violating Section 1 of the Sherman Act.  CPT further admits that certain other defendants and their employees have agreed to plead guilty to a single count of violating Section 1 of the Sherman Act.  Except as expressly admitted, to the extent the allegations contained in Paragraph 142 pertain to CPT, CPT denies such allegations.  Except as expressly admitted, to the extent the allegations contained in Paragraph 142 do not pertain to CPT, CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 142, and, on that basis, denies such allegations.

143.    CPT states that the indictment referenced in Paragraph 143 speaks for itself.  CPT refers the Court to that document for a full and complete statement of its contents.  CPT admits that AU Optronics Corporation, AU Optronics Corporation America, Inc., and six of their employees were indicted for a single count of violating Section 1 of the Sherman Act on or about June 10, 2010.  Except as expressly admitted, CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 143, and, on that basis, denies such allegations.

144.    CPT states that the indictment referenced in Paragraph 144 speaks for itself.  CPT refers the Court to that document for a full and complete statement of its contents.  To the extent a

Gibson, Dunn & Crutcher LLP

ANSWER OF DEFENDANT CHUNGHWA PICTURE TUBES, LTD.                    MASTER FILE NO. 3:07-MD-1827 SI
TO PLAINTIFF'S FIRST AMENDED COMPLAINT                              INDIVIDUAL CASE NO. 3:10-CV-5458 SI

1    further response is required, CPT is without knowledge or information sufficient to form a belief as to

2    the truth of the allegations contained in Paragraph 144, and, on that basis, denies such allegations.

3          145.    On information and belief, CPT admits that nearly all of the AU Optronics individuals

4    and companies who have been indicted have appeared, been arraigned, and pleaded not guilty.  CPT

5    further admits that the jury trial in *United States of America v. AU Optronics Corp., et al.*, CR 09-

6    0110 SI, is currently set for January 2012.  To the extent a further response is required, CPT is

7    without knowledge or information sufficient to form a belief as to the truth of the allegations in

8    Paragraph 145, and, on that basis, denies such allegations.

9          146.    CPT states that the plea agreement entered into by LG Display Co. Ltd. and LG

10   Display America, Inc. speaks for itself.  CPT refers the Court to that document for a full and

11   complete statement of its contents.  CPT admits that LG Display Co. Ltd. and LG Display America,

12   Inc. agreed to plead guilty to a single count information charging it with violating Section 1 of the

13   Sherman Act and agreed to pay a $400 million fine.  Except as expressly admitted, CPT is without

14   knowledge or information sufficient to form a belief as to the truth of the allegations contained in

15   Paragraph 146, and, on that basis, denies such allegations.

16         147.    CPT states that the plea agreement entered into by LG Display Co. Ltd. and LG

17   Display America, Inc. speaks for itself.  CPT refers the Court to that document for a full and

18   complete statement of its contents.  To the extent a further response is required, CPT is without

19   knowledge or information sufficient to form a belief as to the truth of the allegations contained in

20   Paragraph 147, and, on that basis, denies such allegations.

21         148.    CPT states that the plea agreement entered into by LG Display Co. Ltd. and LG

22   Display America, Inc. speaks for itself.  CPT refers the Court to that document for a full and

23   complete statement of its contents.  To the extent a further response is required, CPT is without

24   knowledge or information sufficient to form a belief as to the truth of the allegations contained in

25   Paragraph 148, and, on that basis, denies such allegations.

26         149.    CPT states that the plea agreement entered into by LG Display Co. Ltd. and LG

27   Display America, Inc. speaks for itself.  CPT refers the Court to that document for a full and

28   complete statement of its contents.  To the extent a further response is required, CPT is without

Gibson, Dunn &
Crutcher LLP

-24-

ANSWER OF DEFENDANT CHUNGHWA PICTURE TUBES, LTD.          MASTER FILE NO. 3:07-MD-1827 SI
TO PLAINTIFF'S FIRST AMENDED COMPLAINT                    INDIVIDUAL CASE NO. 3:10-CV-5458 SI

knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 149, and, on that basis, denies such allegations.

150.    CPT states that the plea agreement entered into by Chung Suk "C.S." Chung speaks for itself.  CPT refers the Court to that document for a full and complete statement of its contents. CPT admits that Mr. Chung agreed to plead guilty to a single count information charging him with violating Section 1 of the Sherman Act, and that he agreed to pay a $25,000 criminal fine and to serve a seven-month sentence in prison.  To the extent a further response is required, CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 150, and, on that basis, denies such allegations.

151.    CPT states that the plea agreement entered into by Bock Kwon speaks for itself.  CPT refers the Court to that document for a full and complete statement of its contents.  CPT admits that Mr. Chung agreed to plead guilty to a single count information charging him with violating Section 1 of the Sherman Act, and that he agreed to pay a $30,000 criminal fine and to serve a 366-day sentence in prison.  To the extent a further response is required, CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 151, and, on that basis, denies such allegations.

152.    CPT states that the indictment of Duk Mo Koo speaks for itself.  CPT refers the Court to that document for a full and complete statement of its contents.  CPT admits Duk Mo Koo was indicted for a single count of violating Section 1 of the Sherman Act.  To the extent a further response is required, CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 152, and, on that basis, denies such allegations.

153.    CPT states that the plea agreement entered into by Chi Mei Optoelectronics Corporation speaks for itself.  CPT refers the Court to that document for a full and complete statement of its contents.  CPT admits that Chi Mei Optoelectronics Corporation agreed to plead guilty to a single count information charging it with violating Section 1 of the Sherman Act, and that Chi Mei Optoelectronics Corporation agreed to pay a $220 million fine.  To the extent a further response is required, CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 153, and, on that basis, denies such allegations.

Gibson, Dunn & Crutcher LLP

ANSWER OF DEFENDANT CHUNGHWA PICTURE TUBES, LTD.
TO PLAINTIFF'S FIRST AMENDED COMPLAINT

MASTER FILE NO. 3:07-MD-1827 SI
INDIVIDUAL CASE NO. 3:10-CV-5458 SI

154.     CPT states that the plea agreements entered into by Jau-Yang "J.Y." Ho and Chu-Hsiang "James" Yang speak for themselves.  CPT refers the Court to those documents for a full and complete statement of their contents.  CPT admits that J.Y. Ho agreed to plead guilty to a single count information charging him with violating Section 1 of the Sherman Act, to serve a prison sentence of 14 months and to pay a fine of $50,000.  CPT admits that James Yang agreed to plead guilty to a single count information charging him with violating Section 1 of the Sherman Act, to serve a prison sentence of 9 months and to pay a fine of $25,000.  To the extent a further response is required, CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 154, and, on that basis, denies such allegations.

155.     CPT states that the plea agreements entered into by Wen-Hung "Amigo" Huang and Chen-Lung Kuo speak for themselves.  CPT refers the Court to those documents for a full and complete statement of their contents.  CPT admits that Amigo Huang agreed to plead guilty to a single count information charging him with violating Section 1 of the Sherman Act, to serve a prison sentence of 9 months and to pay a fine of $25,000.  CPT admits that Chen-Lung Kuo agreed to plead guilty to a single count information charging him with violating Section 1 of the Sherman Act, to serve a prison sentence of 9 months and to pay a fine of $35,000.  To the extent a further response is required, CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 155, and, on that basis, denies such allegations.

156.     CPT states that the indictment referred to in Paragraph 156 speaks for itself.  CPT refers the Court to that document for a full and complete statement of its contents.  CPT admits that Hsin-Tsung Wang was indicted for a single count of violating Section 1 of the Sherman Act.   To the extent a further response is required, CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 156, and, on that basis, denies such allegations.

157.     To the extent the term "Chunghwa" refers to Tatung Company of America, Inc., CPT denies the allegations contained in Paragraph 157.  CPT admits that it entered into a plea agreement with the U.S. Department of Justice on November 10, 2008.  CPT refers the Court to that document for a full and complete statement of its contents.  CPT further admits that it agreed to plea to one-

-26-

Gibson, Dunn &
Crutcher LLP

1    count information charging it with participating in a conspiracy to suppress and eliminate competition

2    by fixing the prices of Large Area TFT-LCDs sold in the United States and elsewhere, from on or

3    about September 14, 2001, to on or about December 1, 2006, in violation of Section 1 of the Sherman

4    Act and to pay a fine of $65 million.  Except as expressly admitted, CPT denies the allegations

5    contained in Paragraph 157.

6           158.    To the extent the term "Chunghwa" refers to Tatung Company of America, Inc., CPT

7    denies the allegations contained in Paragraph 158.  CPT states that the plea agreements referenced in

8    Paragraph 158 speak for themselves.  CPT refers the Court to those documents for a full and

9    complete statement of their contents.  CPT admits that Chieng-Hon "Frank" Lin, Chih-Chun "C.C."

10   Liu, and Hsuen-Lung "Brian" Lee each pleaded guilty to a single count of violating the Sherman Act.

11   CPT further admits that they agreed to serve prison sentences of 9, 7, and 6 months and to pay fines

12   of $50,000, $30,000, and $20,000, respectively.  Except as expressly admitted, CPT denies the

13   allegations contained in Paragraph 158.

14          159.    To the extent the term "Chunghwa" refers to Tatung Company of America, Inc., CPT

15   denies the allegations contained in Paragraph 159.  CPT states that the indictment referred to in

16   Paragraph 159 speaks for itself.  CPT refers the Court to that document for a full and complete

17   statement of its contents.  To the extent a further response is required, CPT admits Cheng Yuan

18   "C.Y." Lin and Wen Jun "Tony" Cheng were indicted for a single count of violating Section 1 of the

19   Sherman Act.  Except as expressly admitted, CPT denies the allegations contained in Paragraph 159.

20          160.    CPT states that the plea agreement entered into by HannStar speaks for itself.  CPT

21   refers the Court to that document for a full and complete statement of its contents.  CPT admits that

22   HannStar agreed to plead guilty to a single count information charging it with violating Section 1 of

23   the Sherman Act, and that HannStar agreed to pay a $30 million fine.  To the extent a further

24   response is required, CPT is without knowledge or information sufficient to form a belief as to the

25   truth of the allegations contained in Paragraph 160, and, on that basis, denies such allegations.

26          161.    CPT states that the plea agreement entered into by HannStar speaks for itself.  CPT

27   refers the Court to that document for a full and complete statement of its contents.  CPT admits that

28   HannStar agreed to plead guilty to a single count information charging it with violating Section 1 of

Gibson, Dunn &
Crutcher LLP

-27-

the Sherman Act.  To the extent a further response is required, CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 161, and, on that basis, denies such allegations.

162.    CPT states that the plea agreement entered into by HannStar speaks for itself.  CPT refers the Court to that document for a full and complete statement of its contents.  CPT admits that HannStar agreed to plead guilty to a single count information charging it with violating Section 1 of the Sherman Act.  To the extent a further response is required, CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 162, and, on that basis, denies such allegations.

163.    CPT states the plea agreement referred to in Paragraph 163 speaks for itself.  CPT refers the Court to that document for a full and complete statement of its contents.  CPT admits that Jui Hung "Sam" Wu agreed to plead guilty to a single count information charging him with violating Section 1 of the Sherman Act, to serve a prison sentence of 7 months and to pay a fine of $20,000.  To the extent a further response is required, CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 163, and, on that basis, denies such allegations.

164.    CPT states that the indictment referenced in Paragraph 164 speaks for itself.  CPT refers the Court to that document for a full and complete statement of its contents.  To the extent a further response is required, CPT admits Ding Hui "David" Joe was indicted for a single count of violating Section 1 of the Sherman Act.  To the extent a further response is required, CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 164, and, on that basis, denies such allegations.

165.    CPT states that the plea agreement entered into by Sharp Corporation speaks for itself.  CPT refers the Court to that document for a full and complete statement of its contents.  CPT admits that Sharp Corporation agreed to plead guilty to a single count information charging it with violating Section 1 of the Sherman Act and agreed to pay a $120 fine.  Except as expressly admitted, CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 165, and, on that basis, denies such allegations.

Gibson, Dunn & Crutcher LLP

ANSWER OF DEFENDANT CHUNGHWA PICTURE TUBES, LTD.
TO PLAINTIFF'S FIRST AMENDED COMPLAINT

MASTER FILE NO. 3:07-MD-1827 SI
INDIVIDUAL CASE NO. 3:10-CV-5458 SI

166.   CPT admits that between September 14, 2001 and December 1, 2006 certain employees of Chunghwa Picture Tubes, Ltd. attended "working-level" meetings regarding Large Area TFT-LCD with employees from the Taiwanese branch of Sharp.  Except as expressly admitted, CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 166, and, on that basis, denies such allegations.

167.   To the extent the allegations contained in Paragraph 167 pertain to CPT, CPT denies such allegations.  To the extent the allegations contained in Paragraph 167 do not pertain to CPT, CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 167, and, on that basis, denies such allegations.

168.   CPT states that the plea agreement entered into by Sharp Corporation speaks for itself. CPT refers the Court to that document for a full and complete statement of its contents.  Except as expressly admitted, CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 168, and, on that basis, denies such allegations.

169.   CPT states that the plea agreement entered into by Sharp Corporation speaks for itself. CPT refers the Court to that document for a full and complete statement of its contents.  Except as expressly admitted, CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 169, and, on that basis, denies such allegations.

170.   CPT states that the plea agreement entered into by Sharp Corporation speaks for itself. CPT refers the Court to that document for a full and complete statement of its contents.  Except as expressly admitted, CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 170, and, on that basis, denies such allegations.

171.   CPT states that the plea agreement entered into by Sharp Corporation speaks for itself. CPT refers the Court to that document for a full and complete statement of its contents.  CPT admits that Sharp Corporation agreed to plead guilty to a single count information charging it with violating Section 1 of the Sherman Act and agreed to pay a $120 million fine.  To the extent a further response is required, CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 171, and, on that basis, denies such allegations.

Gibson, Dunn & Crutcher LLP

ANSWER OF DEFENDANT CHUNGHWA PICTURE TUBES, LTD.
TO PLAINTIFF'S FIRST AMENDED COMPLAINT

MASTER FILE NO. 3:07-MD-1827 SI
INDIVIDUAL CASE NO. 3:10-CV-5458 SI

172.     CPT states that the plea agreement referenced in Paragraph 172 speaks for itself.  CPT refers the Court to that document for a full and complete statement of its contents.  CPT admits that Epson Imaging Devices Corporation agreed to plead guilty to a single count information charging it with violating Section 1 of the Sherman Act, and that it agreed to pay a $26 million fine.  Except as expressly admitted, CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 172, and, on that basis, denies such allegations.

173.     To the extent the allegations contained in Paragraph 173 pertain to CPT, CPT denies such allegations.  To the extent the allegations contained in Paragraph 173 do not pertain to CPT, CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations, and, on that basis, denies such allegations.

174.     CPT states that the plea agreement entered into by Hitachi Displays, Ltd. speaks for itself.  CPT refers the Court to that document for a full and complete statement of its contents.  CPT admits that Hitachi Displays, Ltd. agreed to plead guilty to a single count information charging it with violating Section 1 of the Sherman Act, and that Hitachi Displays, Ltd. agreed to pay a $31 million fine.  To the extent a further response is required, CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 174, and, on that basis, denies such allegations.

175.     CPT states that the indictment of Sakae Someya speaks for itself.  CPT refers the Court to that document for a full and complete statement of its contents.  CPT admits Sakae Someya was indicted for a single count of violating Section 1 of the Sherman Act.  To the extent a further response is required, CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 175, and, on that basis, denies such allegations.

176.     CPT states that the class certification opinion (Docket Entry #1642) speaks for itself.  CPT refers the Court to that document for a full and complete statement of its contents.  To the extent a further response is required, CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 176, and, on that basis, denies such allegations.

177.     CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 177, and, on that basis, denies such allegations.

Gibson, Dunn & Crutcher LLP

178.   CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 178, and, on that basis, denies such allegations.

179.   To the extent the allegations contained in Paragraph 179 pertain to CPT, CPT denies such allegations.  To the extent the allegations contained in Paragraph 179 do not pertain to CPT, CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 179, and, on that basis, denies such allegations.

180.   CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 180, and, on that basis, denies such allegations.

181.   CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 181, and, on that basis, denies such allegations.

182.   CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 182, and, on that basis, denies such allegations.

183.   CPT admits that in 2001 certain employees of Chunghwa Picture Tubes, Ltd. attended "working level" meetings regarding Large Area TFT-LCD with employees from the Taiwanese branch of Mitsubishi.  Except as expressly admitted, to the extent the allegations contained in Paragraph 183 pertain to CPT, CPT denies such allegations.  Except as expressly admitted, to the extent the allegations contained in Paragraph 183 do not pertain to CPT, CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 183, and, on that basis, denies such allegations.

184.   To the extent the allegations contained in Paragraph 184 pertain to CPT, CPT denies such allegations.  To the extent the allegations contained in Paragraph 184 do not pertain to CPT, CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 184, and, on that basis, denies such allegations.

185.   CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 185, and, on that basis, denies such allegations.

186.   CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 186, and, on that basis, denies such allegations.

Gibson, Dunn & Crutcher LLP

187.    To the extent Paragraph 187 states legal conclusions, CPT is not required to respond. To the extent a further response is required, CPT states that the allegations contained in Paragraph 187 define the terms of the Complaint and are not averments of fact for which a response is required. To the extent a further response is required, CPT denies such allegations.

188.    CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 188, and, on that basis, denies such allegations.

189.    CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 189, and, on that basis, denies such allegations.

190.    To the extent the allegations contained in Paragraph 190 pertain to CPT, CPT denies that it has ever sold LCD Products to SBC.  To the extent the allegations contained in Paragraph 190 do not pertain to CPT, CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 190, and, on that basis, denies such allegations.

191.    To the extent the allegations contained in Paragraph 191 pertain to CPT, CPT denies such allegations.  To the extent the allegations contained in Paragraph 191 do not pertain to CPT, CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 191, and, on that basis, denies such allegations.

192.    To the extent the allegations contained in Paragraph 192 pertain to CPT, CPT denies such allegations.  To the extent the allegations contained in Paragraph 192 do not pertain to CPT, CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 192, and, on that basis, denies such allegations.

193.    To the extent the allegations contained in Paragraph 193 pertain to CPT, CPT denies such allegations.  To the extent the allegations contained in Paragraph 193 do not pertain to CPT, CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 193, and, on that basis, denies such allegations.

194.    CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 194, and, on that basis, denies such allegations.

195.    CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 195, and, on that basis, denies such allegations.

Gibson, Dunn & Crutcher LLP

ANSWER OF DEFENDANT CHUNGHWA PICTURE TUBES, LTD.                    MASTER FILE NO. 3:07-MD-1827 SI
TO PLAINTIFF'S FIRST AMENDED COMPLAINT                              INDIVIDUAL CASE NO. 3:10-CV-5458 SI

196.     CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 196, and, on that basis, denies such allegations.

197.     CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 197, and, on that basis, denies such allegations.

198.     CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 198, and, on that basis, denies such allegations.

199.     To the extent the allegations contained in Paragraph 199 pertain to CPT, CPT denies such allegations.  To the extent the allegations contained in Paragraph 199 do not pertain to CPT, CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 199, and, on that basis, denies such allegations.

200.     CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 200, and, on that basis, denies such allegations.

201.     To the extent the allegations contained in Paragraph 201 pertain to CPT, CPT denies such allegations.  To the extent the allegations contained in Paragraph 201 do not pertain to CPT, CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 201, and, on that basis, denies such allegations.

202.     CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 202, and, on that basis, denies such allegations.

203.     CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 203, and, on that basis, denies such allegations.

204.     To the extent the allegations contained in Paragraph 204 pertain to CPT, CPT denies such allegations.  To the extent the allegations contained in Paragraph 204 do not pertain to CPT, CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 204, and, on that basis, denies such allegations.

205.     To the extent Paragraph 205 states legal conclusions, CPT is not required to respond. To the extent a further response is required, CPT denies the allegations contained in Paragraph 205 to the extent such allegations pertain to CPT.  To the extent the allegations contained in Paragraph 205

Gibson, Dunn & Crutcher LLP

do not pertain to CPT, CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations, and, on that basis, denies such allegations.

206.     CPT admits that certain employees of Chunghwa Picture Tubes, Ltd. that attended CEO and Commercial Crystal Meetings took steps to conceal the existence of the Crystal Meetings. CPT further admits that "working level" meetings were discontinued in approximately the summer of 2006 in favor of one-on-one meetings.  Except as expressly admitted, CPT denies the allegations contained in Paragraph 206.

207.     To the extent such allegations contained in Paragraph 207 pertain to CPT, CPT denies such allegations.  To the extent the allegations contained in Paragraph 207 do not pertain to CPT, CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations, and, on that basis, denies such allegations.

208.     CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 208, and, on that basis, denies such allegations.

209.     CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 209, and, on that basis, denies such allegations.

210.     CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 210, and, on that basis, denies such allegations.

211.     CPT states that the public quotations referred to in Paragraph 211 speak for themselves.  CPT refers the Court to the source of those quotations for a full and complete statement of their contents.  Except as expressly admitted, CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 211, and, on that basis, denies such allegations.

212.     CPT states that the interview referred to in Paragraph 212 speaks for itself.  CPT refers the Court to that interview for a full and complete statement of its contents.  To the extent a further response is required, CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 212, and, on that basis, denies such allegations.

213.     To the extent Paragraph 213 states legal conclusions, CPT is not required to respond. To the extent a further response is required, CPT denies the allegations contained in Paragraph 213.

Gibson, Dunn & Crutcher LLP

-34-

214.     CPT hereby incorporates, as though fully set forth herein, each and every denial, admission, and averment set forth in the preceding paragraphs of this Answer.

215.     To the extent Paragraph 215 states legal conclusions, CPT is not required to respond. To the extent a response is required, CPT denies the allegations contained in Paragraph 215.

216.     To the extent Paragraph 216 states a legal conclusion, CPT is not required to respond. To the extent a response is required, CPT denies the allegations contained in Paragraph 216.

217.     To the extent Paragraph 217 states a legal conclusion, CPT is not required to respond. To the extent a response is required, CPT denies the allegations contained in Paragraph 217.

218.     To the extent Paragraph 218 states a legal conclusion, CPT is not required to respond. To the extent a response is required, CPT denies the allegations contained in Paragraph 218.

219.     To the extent Paragraph 219 states legal conclusions, CPT is not required to respond. To the extent a response is required, CPT denies the allegations contained in Paragraph 219.

220.     CPT denies the allegations contained in Paragraph 220.

221.     CPT hereby incorporates, as though fully set forth herein, each and every denial, admission, and averment set forth in the preceding paragraphs of this Answer.

222.     CPT denies the allegations contained in Paragraph 222.

223.     To the extent Paragraph 223 states a legal conclusion, CPT is not required to respond. To the extent a response is required, CPT denies the allegations contained in Paragraph 223.

224.     CPT denies the allegations contained in Paragraph 224.

225.     CPT denies the allegations contained in Paragraph 225.

226.     To the extent Paragraph 226 states legal conclusions, CPT is not required to respond. To the extent a response is required, CPT denies the allegations contained in Paragraph 226.

227.     CPT hereby incorporates, as though fully set forth herein, each and every denial, admission, and averment set forth in the preceding paragraphs of this Answer.

228.     To the extent Paragraph 228 states a legal conclusion, CPT is not required to respond. To the extent a response is required, CPT denies the allegations contained in Paragraph 228.

229.     CPT denies the allegations contained in Paragraph 229.

230.     To the extent Paragraph 230 states legal conclusions, CPT is not required to respond. To the extent a response is required, CPT denies the allegations contained in Paragraph 230.

231.     CPT admits that Plaintiff purports to seek restitution under Sections 17203 and 17204 of the California Business and Professions Code.  Except as expressly admitted, CPT denies the allegations contained in Paragraph 231.

232.     To the extent Paragraph 232 states a legal conclusion, CPT is not required to respond. To the extent a response is required, CPT denies the allegations contained in Paragraph 232.

233.     To the extent Paragraph 233 states a legal conclusion, CPT is not required to respond. To the extent a response is required, CPT denies the allegations contained in Paragraph 233.

234.     To the extent Paragraph 234 states a legal conclusion, CPT is not required to respond. To the extent a response is required, CPT denies the allegations contained in Paragraph 234.

235.     To the extent Paragraph 235 states a legal conclusion, CPT is not required to respond. To the extent a response is required, CPT denies the allegations contained in Paragraph 235.

236.     To the extent Paragraph 236 states a legal conclusion, CPT is not required to respond. To the extent a response is required, CPT denies the allegations contained in Paragraph 236.

237.     CPT denies the allegations contained in Paragraph 237.

238.     To the extent Paragraph 238 states a legal conclusion, CPT is not required to respond. To the extent a response is required, CPT denies the allegations contained in Paragraph 238.

239.     To the extent Paragraph 239 states a legal conclusion, CPT is not required to respond. To the extent a response is required, CPT denies the allegations contained in Paragraph 239.

240.     To the extent Paragraph 240 states a legal conclusion, CPT is not required to respond. To the extent a response is required, CPT denies the allegations contained in Paragraph 240.

## XI.     PRAYER FOR RELIEF

In answer to the Prayer for Relief, CPT denies each and every allegation in the Prayer and further specifically denies that Plaintiff is entitled to any of the relief described or to any remedy whatsoever against CPT.

All allegations of the Complaint not heretofore admitted or denied are here and now denied as though specifically denied herein.

Gibson, Dunn &
Crutcher LLP

ANSWER OF DEFENDANT CHUNGHWA PICTURE TUBES, LTD.                MASTER FILE NO. 3:07-MD-1827 SI
TO PLAINTIFF'S FIRST AMENDED COMPLAINT                          INDIVIDUAL CASE NO. 3:10-CV-5458 SI

## ADDITIONAL DEFENSES

Without assuming any burden that it would not otherwise bear, and reserving its right to amend their Answer to assert additional defenses as they may become known during discovery, CPT asserts the following affirmative or additional defenses:

### FIRST ADDITIONAL DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

### SECOND ADDITIONAL DEFENSE

Plaintiff has failed to allege fraudulent concealment with particularity.

### THIRD ADDITIONAL DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff has not suffered cognizable antitrust injury.

### FOURTH ADDITIONAL DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff has suffered no injury in fact.

### FIFTH ADDITIONAL DEFENSE

Plaintiff's claims are barred, in whole or in part, because the Complaint does not adequately define the relevant market or products allegedly affected by the alleged conduct of CPT that is the subject of the Complaint.

### SIXTH ADDITIONAL DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff does not have standing.

### SEVENTH ADDITIONAL DEFENSE

The relief sought by Plaintiff is barred, in whole or in part, because the alleged damages sought are too speculative and uncertain, and because of the impossibility of the ascertainment and allocation of such alleged damages.

### EIGHTH ADDITIONAL DEFENSE

To the extent there is a finding of an illegal overcharge, Plaintiff's claims are barred, in whole or in part, to the extent that such overcharge was absorbed, in whole or in part, by others, and was not passed through to Plaintiff and to the extent there is a finding of an illegal overcharge, Plaintiff's

Gibson, Dunn & Crutcher LLP

-37-

claims are barred, in whole or in part, to the extent that such overcharge was passed on, in whole or in part, to others, and was not absorbed by Plaintiff.

### NINTH ADDITIONAL DEFENSE

Any award of treble damages, punitive damages and/or restitution to Plaintiff would be duplicative and would violate the Excessive Due Processes Clauses of the United States Constitution.

### TENTH ADDITIONAL DEFENSE

Plaintiff's claims are barred, in whole or in part, because the alleged conduct of CPT that is the subject of the Complaint occurred outside of the jurisdiction of the Court.

### ELEVENTH ADDITIONAL DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff has failed to allege facts sufficient to support jurisdiction under the Foreign Trade Antitrust Improvement Act, 15 U.S.C. § 6a, for any claim in the Complaint.

### TWELFTH ADDITIONAL DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff seeks to recover damages, if any, based on sales outside the U.S.

### THIRTEENTH ADDITIONAL DEFENSE

Plaintiff's claims are barred, in whole or in part, because those claims are subject to arbitration.

### FOURTEENTH ADDITIONAL DEFENSE

CPT hereby adopts and incorporates by reference any additional defenses asserted by the other Defendants in this proceeding insofar as those defenses may properly be asserted by CPT.

### FIFTEENTH ADDITIONAL DEFENSE

CPT reserves the right to assert any additional defenses that may be applicable to any claim asserted by Plaintiff.

### SIXTEENTH ADDITIONAL DEFENSE

Plaintiff's claims are barred, in whole or in part, because there is no sufficient nexus between the transactions at issue and California trade or commerce.

Gibson, Dunn & Crutcher LLP

ANSWER OF DEFENDANT CHUNGHWA PICTURE TUBES, LTD.
TO PLAINTIFF'S FIRST AMENDED COMPLAINT

MASTER FILE NO. 3:07-MD-1827 SI
INDIVIDUAL CASE NO. 3:10-CV-5458 SI

1

## SEVENTEENTH ADDITIONAL DEFENSE

2      Plaintiff's claims are barred, in whole or in part, because they do not establish that Plaintiff's

3 nationwide purchases of TFT-LCD Products had the substantial contacts with California necessary to

4 satisfy Due Process.

5

6 DATED:  October 25, 2011

7                                          GIBSON, DUNN & CRUTCHER LLP
                                           JOEL S. SANDERS
8                                          RACHEL S. BRASS
                                           REBECCA JUSTICE LAZARUS
9                                          JOEL WILLARD

10

11                                         By:                /s/ Rachel S. Brass
                                                                Rachel S. Brass
12
                                           Attorneys for Defendant
13                                         CHUNGHWA PICTURE TUBES, LTD.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ANSWER OF DEFENDANT CHUNGHWA PICTURE TUBES, LTD.          MASTER FILE NO. 3:07-MD-1827 SI
TO PLAINTIFF'S FIRST AMENDED COMPLAINT                    INDIVIDUAL CASE NO. 3:10-CV-5458 SI