Christopher B. Hockett (SBN 121539)
Neal A. Potischman (SBN 254862)
Sandra West (SBN 250389)
Samantha H. Knox (SBN 254427)
Micah G. Block (SBN 270712)
DAVIS POLK & WARDWELL LLP
1600 El Camino Real
Menlo Park, California  94025
(650) 752-2000 / (650) 752-2111
chris.hockett@davispolk.com
neal.potischman@davispolk.com
sandra.west@davispolk.com
samantha.knox@davispolk.com
micah.block@davispolk.com

Jonathan D. Martin (admitted *pro hac vice*)
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York  10017
(212) 450-4000 / (212) 701-5800
jonathan.martin@davispolk.com

*Attorneys for Defendants Chi Mei Corporation;*
*Chimei Innolux Corporation (f/k/a Chi Mei*
*Optoelectronics Corp.), Chi Mei Optoelectronics*
*USA, Inc., CMO Japan Co., Ltd., Nexgen*
*Mediatech Inc. and Nexgen Mediatech USA, Inc.*

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: TFT-LCD (FLAT PANEL) ANTITRUST LITIGATION<br><br>This Document Relates to Individual Case No. 10-cv-5458 SI<br><br>SB LIQUIDATION TRUST,<br><br>                Plaintiff,<br><br>     v.<br><br>AU OPTRONICS CORPORATION, *et al.*,<br>                Defendants. | CASE NO. 10-cv-5458 SI; MDL NO. 3:07-md-1827-SI<br><br>**ANSWER AND AFFIRMATIVE DEFENSES OF CHI MEI CORPORATION; CHIMEI INNOLUX CORPORATION (F/K/A CHI MEI OPTOELECTRONICS CORPORATION); CHI MEI OPTOELECTRONICS USA, INC.; CMO JAPAN CO., LTD.; NEXGEN MEDIATECH INC.; AND NEXGEN MEDIATECH USA, INC., TO THE FIRST AMENDED COMPLAINT OF SB LIQUIDATION TRUST** |

1    Pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure, Defendants Chi Mei

2  Corporation ("CMC"), Chimei Innolux Corporation (f/k/a Chi Mei Optoelectronics Corporation

3  ("CMO")), Chi Mei Optoelectronics USA, Inc. ("CMO-USA"), CMO Japan Co., Ltd. ("CMO-

4  Japan"), Nexgen Mediatech Inc. ("Nexgen") and Nexgen Mediatech USA, Inc. ("Nexgen-USA")

5  (collectively, the "Chimei Entities," or each separately, a "Chimei Entity"), by their undersigned

6  attorneys hereby respond to the allegations contained in the numbered paragraphs of the First

7  Amended Complaint ("Complaint") of SB Liquidation Trust ("Plaintiff" or "SB Liquidation").  The

8  Chimei Entities deny all allegations contained in the Complaint, including headings and captions,

9  not specifically admitted in this answer to the Complaint.

10              **RESPONSES TO ALLEGATIONS OF THE FIRST AMENDED COMPLAINT**

11     1.    The first sentence of paragraph 1 consists of Plaintiff's characterization of its claims,

12  to which no response is required.  To the extent that a response is deemed required, each Chimei

13  Entity refers to CMO's plea agreement and the statements contained therein and otherwise denies

14  the allegations in the first sentence of paragraph 1.  Each Chimei Entity refers to CMO's plea

15  agreement and the statements contained therein and otherwise denies the allegations in the

16  remainder of paragraph 1 to the extent directed to that Chimei Entity and denies them for lack of

17  knowledge or information sufficient to form a belief as to their truth in all other respects.

18     2.    Each Chimei Entity denies the allegations in paragraph 2 for lack of knowledge or

19  information sufficient to form a belief as to their truth.

20     3.    Each Chimei Entity denies the allegations in paragraph 3 for lack of knowledge or

21  information sufficient to form a belief as to their truth.

22     4.    Each Chimei Entity denies the allegations in paragraph 4 for lack of knowledge or

23  information sufficient to form a belief as to their truth.

24     5.    Each Chimei Entity denies the allegations in paragraph 5 to the extent directed to

25  that Chimei Entity and denies them for lack of knowledge or information sufficient to form a belief

26  as to their truth in all other respects.

27

28

6.       Each Chimei Entity denies the allegations in the first sentence of paragraph 6 to the extent directed to that Chimei Entity and denies them for lack of knowledge or information sufficient to form a belief as to their truth in all other respects.  Each Chimei Entity refers to CMO's plea agreement and the statements contained therein and otherwise denies the remaining allegations in paragraph 6 to the extent directed to that Chimei Entity.  Each Chimei Entity denies the allegations in paragraph 6 for lack of knowledge or information sufficient to form a belief as to their truth in all other respects.

7.       Each Chimei Entity denies the allegations in the first sentence of paragraph 7.  The second sentence of paragraph 7 consists of Plaintiff's characterization of its claim, to which no response is required.  To the extent that a response is deemed required, each Chimei Entity denies the allegations in the second sentence of paragraph 7.

8.       Paragraph 8 consists of legal conclusions, to which no response is required.  To the extent that a response is deemed required, each Chimei Entity denies the allegations in paragraph 8.

9.       The first sentence of paragraph 9 consists of a legal conclusion, to which no response is required.  To the extent that a response is deemed required, each Chimei Entity denies the allegations in the first sentence of paragraph 9.  Each Chimei Entity denies the remaining allegations in paragraph 9 to the extent directed to that Chimei Entity, except CMC, CMO, CMO-Japan and Nexgen admit that they are incorporated outside the United States, and CMO-USA and Nexgen-USA admit that they have maintained offices within the Northern District of California.

10.       Paragraph 10 consists of a legal conclusion, to which no response is required.  To the extent that a response is deemed required, each Chimei Entity denies the allegations in paragraph 10.

11.       Each Chimei Entity admits the allegations in the first sentence of paragraph 11.  The second sentence of paragraph 11 consists of a legal conclusion, to which no response is required.  To the extent that a response is deemed required, each Chimei Entity denies the allegations in the second sentence of paragraph 11.

12.     The first sentence of paragraph 12 consists of Plaintiff's explanation of terminology, to which no response is required.  To the extent that a response is deemed required, each Chimei Entity admits that "LCD" is an acronym for "liquid crystal display."  Each Chimei Entity denies the allegations in the remainder of paragraph 12 as overly simplistic and generic, except admits that they generally describe some basic aspects of the nature, technology and means of manufacturing LCD panels, modules and products containing LCD panels.

13.     Paragraph 13 consists of Plaintiff's explanation of terminology, to which no response is required.  To the extent that a response is deemed required, each Chimei Entity denies the allegations in paragraph 13.

14.     Paragraph 14 consists of Plaintiff's explanation of terminology, to which no response is required.  To the extent that a response is deemed required, each Chimei Entity denies the allegations in paragraph 14, except admits that "OEM" is an acronym used for "original equipment manufacturer."

15.     Each Chimei Entity denies the allegations in paragraph 15 for lack of knowledge or information sufficient to form a belief as to their truth.

16.     Each Chimei Entity denies the allegations in paragraph 16 to the extent directed to that Chimei Entity and denies them for lack of knowledge or information sufficient to form a belief as to their truth in all other respects.

17.     Each Chimei Entity denies the allegations in paragraph 17 for lack of knowledge or information sufficient to form a belief as to their truth.

18.     Each Chimei Entity denies the allegations in paragraph 18 for lack of knowledge or information sufficient to form a belief as to their truth.

19.     Each Chimei Entity denies the allegations in paragraph 19 for lack of knowledge or information sufficient to form a belief as to their truth.

20.     Each Chimei Entity denies the allegations in paragraph 20 for lack of knowledge or information sufficient to form a belief as to their truth.

21.     Each Chimei Entity denies the allegations in paragraph 21, except CMC admits that its headquarters is located at the address alleged.

22.     Each Chimei Entity denies the allegations in paragraph 22, except CMO admits that CMC is a shareholder of CMO; that its headquarters is located at the address alleged; and that it manufactured and sold TFT-LCD panels and a limited volume of products containing TFT-LCD panels in certain years during the alleged "Conspiracy Period."

23.     Each Chimei Entity denies the allegations in paragraph 23, except CMO-USA admits that its headquarters is located at the address alleged; that it was formerly known as International Display Technology USA, Inc.; and that it resold a limited volume of TFT-LCD panels in certain years during the alleged "Conspiracy Period."

24.     Each Chimei Entity denies the allegations in paragraph 24, except CMO-Japan admits that its principal place of business is located at the address alleged; that CMO-Japan was formerly known as International Display Technology, Ltd.; and that CMO-Japan manufactured and sold TFT-LCD panels in certain years during the alleged "Conspiracy Period."

25.     Each Chimei Entity denies the allegations in paragraph 25, except Nexgen admits that its principal place of business is located at the address alleged; that CMC is a shareholder of Nexgen; and that CMO sold TFT-LCD panels and a limited volume of products containing TFT-LCD panels to Nexgen in certain years during the alleged "Conspiracy Period."

26.     Each Chimei Entity denies the allegations in paragraph 26, except Nexgen-USA admits that its principal place of business is located at the address alleged, and that Nexgen-USA, which was formed only in 2006, resold a very limited volume of products containing TFT-LCD panels during the final year of the alleged "Conspiracy Period."

27.     Each Chimei Entity denies any basis for the grouping together of CMC, CMO, CMO-Japan, CMO-USA, Nexgen and Nexgen-USA under the collective designation "Chi Mei." Each Chimei Entity denies the allegations in paragraph 27 in all other respects.

4

28.     Each Chimei Entity denies the allegations in paragraph 28, except admits that four officials associated with CMO pleaded guilty and another has been indicted in federal criminal proceedings.

29.     Each Chimei Entity denies the allegations in paragraph 29 for lack of knowledge or information sufficient to form a belief as to their truth.

30.     Each Chimei Entity denies the allegations in paragraph 30 for lack of knowledge or information sufficient to form a belief as to their truth.

31.     Each Chimei Entity denies the allegations in paragraph 31 for lack of knowledge or information sufficient to form a belief as to their truth.

32.     Each Chimei Entity denies the allegations in paragraph 32 for lack of knowledge or information sufficient to form a belief as to their truth.

33.     Each Chimei Entity denies the allegations in paragraph 33 for lack of knowledge or information sufficient to form a belief as to their truth.

34.     Each Chimei Entity denies the allegations in paragraph 34 for lack of knowledge or information sufficient to form a belief as to their truth.

35.     Each Chimei Entity denies the allegations in paragraph 35 for lack of knowledge or information sufficient to form a belief as to their truth.

36.     Each Chimei Entity denies the allegations in paragraph 36 for lack of knowledge or information sufficient to form a belief as to their truth.

37.     Each Chimei Entity denies the allegations in paragraph 37 for lack of knowledge or information sufficient to form a belief as to their truth.

38.     Each Chimei Entity denies the allegations in paragraph 38 for lack of knowledge or information sufficient to form a belief as to their truth.

39.     Each Chimei Entity denies the allegations in paragraph 39 for lack of knowledge or information sufficient to form a belief as to their truth.

40.     Each Chimei Entity denies the allegations in paragraph 40 for lack of knowledge or information sufficient to form a belief as to their truth.

41.     Each Chimei Entity denies the allegations in paragraph 41 for lack of knowledge or information sufficient to form a belief as to their truth.

42.     Each Chimei Entity denies the allegations in paragraph 42 for lack of knowledge or information sufficient to form a belief as to their truth.

43.     Each Chimei Entity denies the allegations in paragraph 43 for lack of knowledge or information sufficient to form a belief as to their truth.

44.     Each Chimei Entity denies the allegations in paragraph 44 for lack of knowledge or information sufficient to form a belief as to their truth.

45.     Each Chimei Entity denies the allegations in paragraph 45 for lack of knowledge or information sufficient to form a belief as to their truth.

46.     Each Chimei Entity denies the allegations in paragraph 46 for lack of knowledge or information sufficient to form a belief as to their truth.

47.     Each Chimei Entity denies the allegations in paragraph 47 for lack of knowledge or information sufficient to form a belief as to their truth.

48.     Each Chimei Entity denies the allegations in paragraph 48 for lack of knowledge or information sufficient to form a belief as to their truth.

49.     Each Chimei Entity denies the allegations in paragraph 49 for lack of knowledge or information sufficient to form a belief as to their truth.

50.     Each Chimei Entity denies the allegations in paragraph 50 for lack of knowledge or information sufficient to form a belief as to their truth.

51.     Each Chimei Entity denies the allegations in paragraph 51 for lack of knowledge or information sufficient to form a belief as to their truth.

52.     Each Chimei Entity denies the allegations in paragraph 52 for lack of knowledge or information sufficient to form a belief as to their truth.

53.     Each Chimei Entity denies the allegations in paragraph 53 for lack of knowledge or information sufficient to form a belief as to their truth.

54. Each Chimei Entity denies the allegations in paragraph 54 for lack of knowledge or information sufficient to form a belief as to their truth.

55. Each Chimei Entity denies the allegations in paragraph 55 for lack of knowledge or information sufficient to form a belief as to their truth.

56. Each Chimei Entity denies the allegations in paragraph 56 for lack of knowledge or information sufficient to form a belief as to their truth.

57. Each Chimei Entity denies the allegations in paragraph 57 for lack of knowledge or information sufficient to form a belief as to their truth.

58. Each Chimei Entity denies the allegations in paragraph 58 for lack of knowledge or information sufficient to form a belief as to their truth.

59. Each Chimei Entity denies the allegations in paragraph 59 for lack of knowledge or information sufficient to form a belief as to their truth.

60. Each Chimei Entity denies the allegations in paragraph 60 for lack of knowledge or information sufficient to form a belief as to their truth.

61. Each Chimei Entity refers to CMO's plea agreement and the statements contained therein and otherwise denies the allegations in paragraph 61 to the extent directed to that Chimei Entity, except CMO and CMO-Japan admit that they shipped a limited number of TFT-LCD panels to the United States during the alleged "Conspiracy Period." Each Chimei Entity denies the allegations in paragraph 61 for lack of knowledge or information sufficient to form a belief as to their truth in all other respects.

62. Each Chimei Entity denies the allegations in paragraph 62.

63. Each Chimei Entity refers to CMO's plea agreement and the statements contained therein and otherwise denies the allegations in paragraph 63 to the extent directed to that Chimei Entity. Each Chimei Entity denies the allegations in paragraph 63 for lack of knowledge or information sufficient to form a belief as to their truth in all other respects.

64. Each Chimei Entity admits the allegations in paragraph 64.

65. Each Chimei Entity denies the allegations in paragraph 65.

66.     Each Chimei Entity denies the allegations in paragraph 66 to the extent directed to that Chimei Entity and denies them for lack of knowledge or information sufficient to form a belief as to their truth in all other respects.

67.     Each Chimei Entity denies the allegations in paragraph 67 to the extent directed to that Chimei Entity and denies them for lack of knowledge or information sufficient to form a belief as to their truth in all other respects.

68.     Each Chimei Entity denies the allegations in paragraph 68 to the extent directed to that Chimei Entity and denies them for lack of knowledge or information sufficient to form a belief as to their truth in all other respects.  Further responding, each Chimei Entity denies that a single "market" for LCD panels exists.

69.     Each Chimei Entity denies the allegations in paragraph 69.  Further responding, each Chimei Entity denies that single "markets" exist for LCD panels and LCD products.

70.     Each Chimei Entity denies the allegations in paragraph 70 to the extent directed to that Chimei Entity and denies them for lack of knowledge or information sufficient to form a belief as to their truth in all other respects.  Further responding, each Chimei Entity denies that a single "market" for LCD panels exists.

71.     Each Chimei Entity refers to CMO's plea agreement and the statements contained therein and otherwise denies the allegations in paragraph 71 to the extent directed to that Chimei Entity.  Each Chimei Entity denies the allegations in paragraph 71 for lack of knowledge or information sufficient to form a belief as to their truth in all other respects.

72.     Each Chimei Entity refers to CMO's plea agreement and the statements contained therein and otherwise denies the allegations in paragraph 72 to the extent directed to that Chimei Entity, except CMO and CMO-Japan admit that they shipped a limited number of TFT-LCD panels to the United States during the alleged "Conspiracy Period," and CMO-USA and Nexgen-USA admit that they have maintained offices in the United States.  Each Chimei Entity denies the allegations in paragraph 72 for lack of knowledge or information sufficient to form a belief as to

8

1   their truth in all other respects.  Further responding, each Chimei Entity denies that a single "U.S.

2   LCD market" exists.

3       73.     Each Chimei Entity denies that a single "U.S. market" exists for LCD panels and/or

4   products and otherwise denies the allegations in paragraph 73 to the extent directed to that Chimei

5   Entity.  Each Chimei Entity denies the allegations in paragraph 73 for lack of knowledge or

6   information sufficient to form a belief as to their truth in all other respects.

7       74.     Each Chimei Entity denies the allegations in paragraph 74 to the extent directed to

8   that Chimei Entity, except CMO and CMO-Japan admit that they shipped a limited number of TFT-

9   LCD panels to the United States during the alleged "Conspiracy Period."  Each Chimei Entity

10  denies the allegations in paragraph 74 directed to the conduct of other defendants for lack of

11  knowledge or information sufficient to form a belief as to their truth.

12      75.     Each Chimei Entity denies the allegations in paragraph 75 to the extent directed to

13  that Chimei Entity and otherwise denies them for lack of knowledge or information sufficient to

14  form a belief as to their truth.

15      76.     Each Chimei Entity denies the allegations in paragraph 76 to the extent directed to

16  that Chimei Entity and otherwise denies them for lack of knowledge or information sufficient to

17  form a belief as to their truth.

18      77.     Each Chimei Entity denies the allegations in paragraph 77 to the extent directed to

19  that Chimei Entity.  Each Chimei Entity denies the allegations in paragraph 77 directed to the

20  conduct of other defendants for lack of knowledge or information sufficient to form a belief as to

21  their truth.

22      78.     Each Chimei Entity refers to CMO's plea agreement and the statements contained

23  therein and otherwise denies the allegations in paragraph 78 to the extent directed to that Chimei

24  Entity.  Each Chimei Entity denies the allegations in paragraph 78 for lack of knowledge or

25  information sufficient to form a belief as to their truth in all other respects.

26      79.     Paragraph 79 consists of a legal conclusion, to which no response is required.  To

27  the extent that a response is deemed required, each Chimei Entity refers to CMO's plea agreement

28

9

and the statements contained therein and otherwise denies the allegations in paragraph 79 to the extent directed to that Chimei Entity.

80.     Paragraph 80 consists of a legal conclusion, to which no response is required.  To the extent that a response is deemed required, each Chimei Entity refers to CMO's plea agreement and the statements contained therein and otherwise denies the allegations in paragraph 80.

81.     Each Chimei Entity denies the allegations in paragraph 81 to the extent directed to that Chimei Entity, except CMO-USA and Nexgen-USA admit that they have maintained offices in the United States.  Each Chimei Entity denies the allegations in paragraph 81 for lack of knowledge or information sufficient to form a belief as to their truth in all other respects.

82.     Each Chimei Entity refers to CMO's plea agreement and the statements contained therein and otherwise denies the allegations in paragraph 82 to the extent directed to that Chimei Entity.  Each Chimei Entity denies the allegations in paragraph 82 directed to the conduct of other defendants for lack of knowledge or information sufficient to form a belief as to their truth.

83.     Each Chimei Entity denies the allegations in paragraph 83 to the extent directed to that Chimei Entity and denies them for lack of knowledge or information sufficient to form a belief as to their truth in all other respects.

84.     Each Chimei Entity refers to CMO's plea agreement and the statements contained therein and otherwise denies the allegations in paragraph 84 to the extent directed to that Chimei Entity.  Each Chimei Entity denies the allegations in paragraph 84 directed to the conduct of other defendants for lack of knowledge or information sufficient to form a belief as to their truth.

85.     Each Chimei Entity denies the allegations in paragraph 85 to the extent directed to that Chimei Entity and denies them for lack of knowledge or information sufficient to form a belief as to their truth in all other respects.

86.     Each Chimei Entity denies the allegations in paragraph 86 to the extent directed to that Chimei Entity and denies them for lack of knowledge or information sufficient to form a belief as to their truth in all other respects.

1   87.   Each Chimei Entity refers to CMO's plea agreement and the statements contained

2   therein and otherwise denies the allegations in paragraph 87 to the extent directed to that Chimei

3   Entity, except CMO admits (and the other Chimei Entities admit on information and belief) that

4   certain employees of CMO attended meetings on certain occasions with employees of certain other

5   manufacturers of TFT-LCD panels, including some meetings that at times have been referred to as

6   "crystal" meetings.  Each Chimei Entity denies the allegations in paragraph 87 for lack of

7   knowledge or information sufficient to form a belief as to their truth in all other respects.

8   88.   Each Chimei Entity denies the allegations in paragraph 88 to the extent directed to

9   that Chimei Entity and denies them for lack of knowledge or information sufficient to form a belief

10   as to their truth in all other respects, except CMO admits that some meetings at times have been

11   referred to as "CEO," "Top," "Commercial" or "Operational" meetings.

12   89.   Each Chimei Entity refers to CMO's plea agreement and the statements contained

13   therein and otherwise denies the allegations in paragraph 89 to the extent directed to that Chimei

14   Entity.  Each Chimei Entity denies the allegations in paragraph 89 for lack of knowledge or

15   information sufficient to form a belief as to their truth in all other respects.

16   90.   Each Chimei Entity denies the allegations in paragraph 90 to the extent directed to

17   that Chimei Entity and denies them for lack of knowledge or information sufficient to form a belief

18   as to their truth in all other respects.

19   91.   Each Chimei Entity refers to CMO's plea agreement and the statements contained

20   therein and otherwise denies the allegations in paragraph 91 to the extent directed to that Chimei

21   Entity.  Each Chimei Entity denies the allegations in paragraph 91 for lack of knowledge or

22   information sufficient to form a belief as to their truth in all other respects.

23   92.   Each Chimei Entity refers to CMO's plea agreement and the statements contained

24   therein and otherwise denies the allegations in paragraph 92 to the extent directed to that Chimei

25   Entity.  Each Chimei Entity denies the allegations in paragraph 92 for lack of knowledge or

26   information sufficient to form a belief as to their truth in all other respects.

27

28

93. Each Chimei Entity refers to CMO's plea agreement and the statements contained therein and otherwise denies the allegations in paragraph 93 to the extent directed to that Chimei Entity. Each Chimei Entity denies the allegations in paragraph 93 for lack of knowledge or information sufficient to form a belief as to their truth in all other respects.

94. Each Chimei Entity refers to CMO's plea agreement and the statements contained therein and otherwise denies the allegations in paragraph 94 to the extent directed to that Chimei Entity. Each Chimei Entity denies the allegations in paragraph 94 for lack of knowledge or information sufficient to form a belief as to their truth in all other respects.

95. Each Chimei Entity denies the allegations in paragraph 95 to the extent directed to that Chimei Entity and denies them for lack of knowledge or information sufficient to form a belief as to their truth in all other respects.

96. Each Chimei Entity refers to CMO's plea agreement and the statements contained therein and otherwise denies the allegations in paragraph 96 to the extent directed to that Chimei Entity. Each Chimei Entity denies the allegations in paragraph 96 for lack of knowledge or information sufficient to form a belief as to their truth in all other respects.

97. Each Chimei Entity refers to CMO's plea agreement and the statements contained therein and otherwise denies the allegations in paragraph 97 to the extent directed to that Chimei Entity. Each Chimei Entity denies the allegations in paragraph 97 for lack of knowledge or information sufficient to form a belief as to their truth in all other respects.

98. Each Chimei Entity refers to CMO's plea agreement and the statements contained therein and otherwise denies the allegations in paragraph 98 to the extent directed to that Chimei Entity. Each Chimei Entity denies the allegations in paragraph 98 directed to the conduct of other defendants for lack of knowledge or information sufficient to form a belief as to their truth.

99. Each Chimei Entity denies the allegations in paragraph 99 to the extent directed to that Chimei Entity, except CMO-USA and Nexgen-USA admit that they have maintained offices in California. Each Chimei Entity denies the allegations in paragraph 99 directed to the conduct of other defendants for lack of knowledge or information sufficient to form a belief as to their truth.

100.     Each Chimei Entity denies the allegations in paragraph 100 to the extent directed to that Chimei Entity and otherwise denies them for lack of knowledge or information sufficient to form a belief as to their truth.

101.     Each Chimei Entity denies the allegations in paragraph 101 for lack of knowledge or information sufficient to form a belief as to their truth.

102.     Each Chimei Entity denies the allegations in paragraph 102 for lack of knowledge or information sufficient to form a belief as to their truth.

103.     Each Chimei Entity denies the allegations in paragraph 103 to the extent directed to that Chimei Entity.  Each Chimei Entity denies the allegations in paragraph 103 directed to the conduct of other defendants for lack of knowledge or information sufficient to form a belief as to their truth.

104.     Each Chimei Entity denies the allegations in paragraph 104 for lack of knowledge or information sufficient to form a belief as to their truth.

105.     Each Chimei Entity denies the allegations in paragraph 105 to the extent directed to that Chimei Entity.  Each Chimei Entity denies the allegations in paragraph 105 directed to the conduct of other defendants for lack of knowledge or information sufficient to form a belief as to their truth.

106.     Each Chimei Entity denies the allegations in paragraph 106 for lack of knowledge or information sufficient to form a belief as to their truth.

107.     Each Chimei Entity denies the allegations in paragraph 107 for lack of knowledge or information sufficient to form a belief as to their truth.

108.     Each Chimei Entity denies the allegations in paragraph 108 for lack of knowledge or information sufficient to form a belief as to their truth.

109.     Each Chimei Entity refers to CMO's plea agreement and the statements contained therein and otherwise denies the allegations in paragraph 109 to the extent directed to that Chimei Entity, except CMO admits (and the other Chimei Entities admit on information and belief) that certain employees of CMO attended meetings on certain occasions with employees of certain other

1 manufacturers of TFT-LCD panels.  Each Chimei Entity denies the allegations in paragraph 109 for

2 lack of knowledge or information sufficient to form a belief as to their truth in all other respects.

3       110.    Each Chimei Entity denies the allegations in paragraph 110 to the extent directed to

4 that Chimei Entity.  Each Chimei Entity denies the allegations in paragraph 110 directed to the

5 conduct of other defendants for lack of knowledge or information sufficient to form a belief as to

6 their truth.

7       111.    Each Chimei Entity denies the allegations in paragraph 111 to the extent directed to

8 that Chimei Entity.  Each Chimei Entity denies the allegations in paragraph 111 directed to the

9 conduct of other defendants for lack of knowledge or information sufficient to form a belief as to

10 their truth.

11       112.    Each Chimei Entity denies the allegations in paragraph 112 to the extent directed to

12 that Chimei Entity.  Each Chimei Entity denies the allegations in paragraph 112 directed to the

13 conduct of other defendants for lack of knowledge or information sufficient to form a belief as to

14 their truth.

15       113.    Each Chimei Entity denies the allegations in paragraph 113 to the extent directed to

16 that Chimei Entity.  Each Chimei Entity denies the allegations in paragraph 113 directed to the

17 conduct of other defendants for lack of knowledge or information sufficient to form a belief as to

18 their truth.

19       114.    Each Chimei Entity denies the allegations in paragraph 114 and denies that a single

20 "market for LCD Panels" exists.

21       115.    Each Chimei Entity denies the allegations in paragraph 115.

22       116.    Each Chimei Entity denies the allegations in paragraph 116.

23       117.    Each Chimei Entity denies the allegations in paragraph 117, except admits that it has

24 invested significant resources to develop new fabrication plants and/or conduct LCD-related

25 research.

26       118.    Each Chimei Entity denies the allegations in paragraph 118.

27

28

119.    Each Chimei Entity denies the allegations in paragraph 119 for lack of knowledge or information sufficient to form a belief as to their truth.

120.    Each Chimei Entity denies the allegations in paragraph 120 to the extent directed to that Chimei Entity and otherwise denies the allegations for lack of knowledge or information sufficient to form a belief as to their truth, except CMO admits that it entered into certain licensing arrangements for limited time periods with other entities.

121.    Each Chimei Entity denies the allegations in paragraph 121 to the extent directed to that Chimei Entity and otherwise denies them for lack of knowledge or information sufficient to form a belief as to their truth.

122.    Each Chimei Entity denies the allegations in paragraph 122 and denies that a single "market" for LCD panels exists.

123.    Each Chimei Entity denies the allegations in paragraph 123 and denies that a single "market" for LCD panels exists.

124.    Each Chimei Entity denies the allegations in paragraph 124 and denies that a single "market" for LCD panels exists.

125.    Each Chimei Entity denies the allegations in paragraph 125.

126.    Each Chimei Entity refers to CMO's plea agreement and the statements contained therein and otherwise denies the allegations in paragraph 126.

127.    Each Chimei Entity denies the allegations in paragraph 127 to the extent directed to that Chimei Entity and otherwise denies them for lack of knowledge or information sufficient to form a belief as to their truth.

128.    Each Chimei Entity denies the allegations in paragraph 128 to the extent directed to that Chimei Entity and otherwise denies them for lack of knowledge or information sufficient to form a belief as to their truth.

129.    Each Chimei Entity denies the allegations in paragraph 129 for lack of knowledge or information sufficient to form a belief as to their truth.

15

130.     Each Chimei Entity denies the allegations in paragraph 130 to the extent directed to that Chimei Entity and otherwise denies them for lack of knowledge or information sufficient to form a belief as to their truth.

131.     Each Chimei Entity denies the allegations in paragraph 131 to the extent directed to that Chimei Entity and otherwise denies them for lack of knowledge or information sufficient to form a belief as to their truth.

132.     Each Chimei Entity denies the allegations in paragraph 132 to the extent directed to that Chimei Entity and otherwise denies them for lack of knowledge or information sufficient to form a belief as to their truth.

133.     Each Chimei Entity denies the allegations in paragraph 133 for lack of knowledge or information sufficient to form a belief as to their truth.

134.     Each Chimei Entity denies the allegations in paragraph 134 to the extent directed to that Chimei Entity and otherwise denies them for lack of knowledge or information sufficient to form a belief as to their truth.

135.     Each Chimei Entity denies the allegations in paragraph 135 to the extent directed to that Chimei Entity, except CMO admits that it publicly reported revenue of about NT$8.8 billion in the first quarter of 2002.  Each Chimei Entity refers to the reports for their full context.  Each Chimei Entity denies the allegations in paragraph 135 directed to the conduct of other defendants for lack of knowledge or information sufficient to form a belief as to their truth.

136.     Each Chimei Entity denies the allegations in paragraph 136 for lack of knowledge or information sufficient to form a belief as to their truth.

137.     Each Chimei Entity denies the allegations in paragraph 137 for lack of knowledge or information sufficient to form a belief as to their truth.

138.     Each Chimei Entity denies the allegations in paragraph 138 for lack of knowledge or information sufficient to form a belief as to their truth.

139.     Each Chimei Entity denies the allegations in paragraph 139 for lack of knowledge or information sufficient to form a belief as to their truth.

140.    Each Chimei Entity denies the allegations in paragraph 140 for lack of knowledge or information sufficient to form a belief as to their truth.

141.    Each Chimei Entity refers to CMO's plea agreement and the statements contained therein and otherwise denies the allegations in paragraph 141 to the extent directed to that Chimei Entity.  Each Chimei Entity denies the allegations in paragraph 141 for lack of knowledge or information sufficient to form a belief as to their truth in all other respects.

142.    Each Chimei Entity denies the allegations in paragraph 142 for lack of knowledge or information sufficient to form a belief as to their truth.

143.    Each Chimei Entity denies the allegations in paragraph 143 for lack of knowledge or information sufficient to form a belief as to their truth.

144.    Each Chimei Entity denies the allegations in paragraph 144 for lack of knowledge or information sufficient to form a belief as to their truth.

145.    Each Chimei Entity denies the allegations in paragraph 145 for lack of knowledge or information sufficient to form a belief as to their truth.

146.    Each Chimei Entity denies the allegations in paragraph 146 for lack of knowledge or information sufficient to form a belief as to their truth.

147.    Each Chimei Entity denies the allegations in paragraph 147 for lack of knowledge or information sufficient to form a belief as to their truth.

148.    Each Chimei Entity denies the allegations in paragraph 148 for lack of knowledge or information sufficient to form a belief as to their truth.

149.    Each Chimei Entity denies the allegations in paragraph 149 for lack of knowledge or information sufficient to form a belief as to their truth.

150.    Each Chimei Entity denies the allegations in paragraph 150 for lack of knowledge or information sufficient to form a belief as to their truth.

151.    Each Chimei Entity denies the allegations in paragraph 151 for lack of knowledge or information sufficient to form a belief as to their truth.

152.    Each Chimei Entity denies the allegations in paragraph 152 for lack of knowledge or information sufficient to form a belief as to their truth.

153.    Each Chimei Entity refers to CMO's plea agreement and the statements contained therein and otherwise denies the allegations in paragraph 153.

154.    Each Chimei Entity denies the allegations in paragraph 154, except admits that Jau-Yang ("J.Y.") Ho pleaded guilty in federal criminal proceedings and agreed to pay a criminal fine of $50,000 and serve fourteen months in federal prison, and that Chu-Hsiang ("James") Yang, per a plea agreement, was sentenced to serve nine months' imprisonment and pay a fine of $25,000.

155.    Each Chimei Entity denies the allegations in paragraph 155, except admits that Wen-Hung ("Amigo") Huang pleaded guilty in federal criminal proceedings and agreed to serve nine months' imprisonment and pay a $25,000 fine, and that Chen-Lung Kuo pleaded guilty and agreed to serve nine months' imprisonment and to pay a $35,000 fine.

156.    Each Chimei Entity denies the allegations in paragraph 156, except admits that Hsin-Tsung Wang was indicted in federal criminal proceedings.

157.    Each Chimei Entity denies the allegations in paragraph 157 for lack of knowledge or information sufficient to form a belief as to their truth.

158.    Each Chimei Entity denies the allegations in paragraph 158 for lack of knowledge or information sufficient to form a belief as to their truth.

159.    Each Chimei Entity denies the allegations in paragraph 159 for lack of knowledge or information sufficient to form a belief as to their truth.

160.    Each Chimei Entity denies the allegations in paragraph 160 for lack of knowledge or information sufficient to form a belief as to their truth.

161.    Each Chimei Entity denies the allegations in paragraph 161 for lack of knowledge or information sufficient to form a belief as to their truth.

162.    Each Chimei Entity denies the allegations in paragraph 162 for lack of knowledge or information sufficient to form a belief as to their truth.

163.    Each Chimei Entity denies the allegations in paragraph 163 for lack of knowledge or information sufficient to form a belief as to their truth.

164.    Each Chimei Entity denies the allegations in paragraph 164 for lack of knowledge or information sufficient to form a belief as to their truth.

165.    Each Chimei Entity denies the allegations in paragraph 165 for lack of knowledge or information sufficient to form a belief as to their truth.

166.    Each Chimei Entity denies the allegations in paragraph 166 for lack of knowledge or information sufficient to form a belief as to their truth.

167.    Each Chimei Entity denies the allegations in paragraph 167 for lack of knowledge or information sufficient to form a belief as to their truth.

168.    Each Chimei Entity denies the allegations in paragraph 168 for lack of knowledge or information sufficient to form a belief as to their truth.

169.    Each Chimei Entity denies the allegations in paragraph 169 for lack of knowledge or information sufficient to form a belief as to their truth.

170.    Each Chimei Entity denies the allegations in paragraph 170 for lack of knowledge or information sufficient to form a belief as to their truth.

171.    Each Chimei Entity denies the allegations in paragraph 171 for lack of knowledge or information sufficient to form a belief as to their truth.

172.    Each Chimei Entity denies the allegations in paragraph 172 for lack of knowledge or information sufficient to form a belief as to their truth.

173.    Each Chimei Entity denies the allegations in paragraph 173 for lack of knowledge or information sufficient to form a belief as to their truth.

174.    Each Chimei Entity denies the allegations in paragraph 174 for lack of knowledge or information sufficient to form a belief as to their truth.

175.    Each Chimei Entity denies the allegations in paragraph 175 for lack of knowledge or information sufficient to form a belief as to their truth.

176.     Each Chimei Entity denies the allegations in paragraph 176 for lack of knowledge or information sufficient to form a belief as to their truth.

177.     Each Chimei Entity denies the allegations in paragraph 177 for lack of knowledge or information sufficient to form a belief as to their truth.

178.     Each Chimei Entity denies the allegations in paragraph 178 for lack of knowledge or information sufficient to form a belief as to their truth.

179.     Each Chimei Entity denies the allegations in paragraph 179 for lack of knowledge or information sufficient to form a belief as to their truth.

180.     Each Chimei Entity denies the allegations in paragraph 180 for lack of knowledge or information sufficient to form a belief as to their truth.

181.     Each Chimei Entity denies the allegations in paragraph 181 to the extent directed to that Chimei Entity and denies them for lack of knowledge or information sufficient to form a belief as to their truth in all other respects.

182.     Each Chimei Entity denies the allegations in paragraph 182 to the extent directed to that Chimei Entity and denies them for lack of knowledge or information sufficient to form a belief as to their truth in all other respects.

183.     Each Chimei Entity denies the allegations in paragraph 183 to the extent directed to that Chimei Entity and denies them for lack of knowledge or information sufficient to form a belief as to their truth in all other respects.

184.     Each Chimei Entity denies the allegations in paragraph 184 to the extent directed to that Chimei Entity and denies them for lack of knowledge or information sufficient to form a belief as to their truth in all other respects.

185.     Each Chimei Entity denies the allegations in paragraph 185 to the extent directed to that Chimei Entity and denies them for lack of knowledge or information sufficient to form a belief as to their truth in all other respects.

186.    Each Chimei Entity denies the allegations in paragraph 186 to the extent directed to that Chimei Entity and denies them for lack of knowledge or information sufficient to form a belief as to their truth in all other respects.

187.    Each Chimei Entity denies any basis for Plaintiff's grouping together of corporate family members under a collective designation (such as "Chi Mei") and denies the allegations in paragraph 187 in all other respects.

188.    Each Chimei Entity denies the allegations in paragraph 188 for lack of knowledge or information sufficient to form a belief as to their truth.

189.    Each Chimei Entity denies the allegations in paragraph 189 for lack of knowledge or information sufficient to form a belief as to their truth.

190.    Each Chimei Entity denies the allegations in paragraph 190 to the extent directed to that Chimei Entity and denies them for lack of knowledge or information sufficient to form a belief as to their truth in all other respects.

191.    Each Chimei Entity denies the allegations in paragraph 191 to the extent directed to that Chimei Entity and denies them for lack of knowledge or information sufficient to form a belief as to their truth in all other respects.

192.    Each Chimei Entity denies the allegations in paragraph 192 to the extent directed to that Chimei Entity and denies them for lack of knowledge or information sufficient to form a belief as to their truth in all other respects.

193.    Each Chimei Entity denies the allegations in paragraph 193 to the extent directed to that Chimei Entity, except admits that Kolin purchased LCD panels from CMO.  Each Chimei Entity denies the allegations in paragraph 193 for lack of knowledge or information sufficient to form a belief as to their truth in all other respects.

194.    Each Chimei Entity denies the allegations in paragraph 194 for lack of knowledge or information sufficient to form a belief as to their truth.

195.    Each Chimei Entity denies the allegations in paragraph 195 for lack of knowledge or information sufficient to form a belief as to their truth.

196.     Each Chimei Entity denies the allegations in the first sentence of paragraph 196 to the extent directed to that Chimei Entity and otherwise denies them for lack of knowledge or information sufficient to form a belief as to their truth.  Each Chimei Entity denies the remaining allegations in paragraph 196 for lack of knowledge or information sufficient to form a belief as to their truth in all other respects.

197.     Each Chimei Entity denies the allegations in paragraph 197 for lack of knowledge or information sufficient to form a belief as to their truth.

198.     Each Chimei Entity denies the allegations in paragraph 198 for lack of knowledge or information sufficient to form a belief as to their truth.

199.     Each Chimei Entity denies the allegations in paragraph 199 to the extent directed to that Chimei Entity and denies them for lack of knowledge or information sufficient to form a belief as to their truth in all other respects.

200.     Each Chimei Entity denies the allegations in paragraph 200 for lack of knowledge or information sufficient to form a belief as to their truth.

201.     Each Chimei Entity denies the allegations in paragraph 201 to the extent directed to that Chimei Entity and denies them for lack of knowledge or information sufficient to form a belief as to their truth in all other respects.

202.     Each Chimei Entity denies the allegations in paragraph 202 for lack of knowledge or information sufficient to form a belief as to their truth.

203.     Each Chimei Entity denies the allegations in paragraph 203 for lack of knowledge or information sufficient to form a belief as to their truth.

204.     Each Chimei Entity denies the allegations in paragraph 204 to the extent directed to that Chimei Entity and denies them for lack of knowledge or information sufficient to form a belief as to their truth in all other respects.

205.     Each Chimei Entity denies the allegations in paragraph 205.

206.     Each Chimei Entity refers to CMO's plea agreement and the statements contained therein and otherwise denies the allegations in paragraph 206 to the extent directed to that Chimei

1   Entity.  Each Chimei Entity denies the allegations in paragraph 206 for lack of knowledge or

2   information sufficient to form a belief as to their truth in all other respects.

3          207.    Each Chimei Entity denies the allegations in paragraph 207 to the extent directed to

4   that Chimei Entity and otherwise denies them for lack of knowledge or information sufficient to

5   form a belief as to their truth.

6          208.    Each Chimei Entity denies the allegations in paragraph 208 to the extent directed to

7   that Chimei Entity and otherwise denies them for lack of knowledge or information sufficient to

8   form a belief as to their truth.

9          209.    Each Chimei Entity denies the allegations in paragraph 209 to the extent directed to

10  that Chimei Entity.  Each Chimei Entity denies the allegations in paragraph 209 directed to the

11  conduct of other defendants for lack of knowledge or information sufficient to form a belief as to

12  their truth.

13         210.    Each Chimei Entity denies the allegations in paragraph 210 for lack of knowledge or

14  information sufficient to form a belief as to their truth.

15         211.    Each Chimei Entity denies the allegations in paragraph 211 to the extent directed to

16  that Chimei Entity.  Each Chimei Entity denies the allegations in paragraph 211 directed to the

17  conduct of other defendants for lack of knowledge or information sufficient to form a belief as to

18  their truth.

19         212.    Each Chimei Entity denies the allegations in paragraph 212 to the extent directed to

20  that Chimei Entity.  To the extent that paragraph 212 purports to quote a "Vice-President at Chi

21  Mei," the allegations are presented out of context and are further denied on that basis.  Each Chimei

22  Entity denies the allegations in paragraph 212 directed to the conduct of other defendants for lack

23  of knowledge or information sufficient to form a belief as to their truth.

24         213.    The second sentence of paragraph 213 consists of a legal conclusion, to which no

25  response is required.  To the extent that a response is deemed required, each Chimei Entity denies

26  the allegations in the second sentence of paragraph 213.  Each Chimei Entity denies the remaining

27

28

1   allegations in paragraph 213 to the extent directed to that Chimei Entity and denies them for lack of

2   knowledge or information sufficient to form a belief as to their truth in all other respects.

3         214.   Each Chimei Entity incorporates by reference and restates the responses to each of

4   paragraphs 1 through 213 as set forth above.

5         215.   Paragraph 215 consists of a legal conclusion, to which no response is required.  To

6   the extent that a response is deemed required, each Chimei Entity refers to CMO's plea agreement

7   and the statements contained therein and otherwise denies the allegations in paragraph 215 to the

8   extent directed to that Chimei Entity.  Each Chimei Entity denies the allegations in paragraph 215

9   for lack of knowledge or information sufficient to form a belief as to their truth in all other respects.

10        216.   Each Chimei Entity refers to CMO's plea agreement and the statements contained

11  therein and otherwise denies the allegations in paragraph 216 to the extent directed to that Chimei

12  Entity.  Each Chimei Entity denies the allegations in paragraph 216 for lack of knowledge or

13  information sufficient to form a belief as to their truth in all other respects.

14        217.   Each Chimei Entity denies the allegations in paragraph 217 to the extent directed to

15  that Chimei Entity and otherwise denies them for lack of knowledge or information sufficient to

16  form a belief as to their truth.

17        218.   Each Chimei Entity denies the allegations in paragraph 218.

18        219.   Paragraph 219 consists of a legal conclusion, to which no response is required.  To

19  the extent that a response is deemed required, each Chimei Entity refers to CMO's plea agreement

20  and the statements contained therein and otherwise denies the allegations in paragraph 219.

21        220.   Paragraph 220 consists of legal conclusions, to which no response is required.  To

22  the extent that a response is deemed required, each Chimei Entity denies the allegations in

23  paragraph 220.

24        221.   Each Chimei Entity incorporates by reference and restates the responses to each of

25  paragraphs 1 through 220 as set forth above.

26

27

28

222.     Each Chimei Entity denies the allegations in paragraph 222 to the extent directed to that Chimei Entity and denies them for lack of knowledge or information sufficient to form a belief as to their truth in all other respects.

223.     The final sentence of paragraph 223 consists of a legal conclusion, to which no response is required.  To the extent that a response is deemed required, each Chimei Entity denies the allegations in the final sentence of paragraph 223.  Each Chimei Entity refers to CMO's plea agreement and the statements contained therein and otherwise denies the remaining allegations in paragraph 223 to the extent directed to that Chimei Entity.  Each Chimei Entity denies the allegations in paragraph 223 for lack of knowledge or information sufficient to form a belief as to their truth in all other respects.

224.     Each Chimei Entity refers to CMO's plea agreement and the statements contained therein and otherwise denies the allegations in paragraph 224 to the extent directed to that Chimei Entity.  Each Chimei Entity denies the allegations in paragraph 224 for lack of knowledge or information sufficient to form a belief as to their truth in all other respects.

225.     Each Chimei Entity refers to CMO's plea agreement and the statements contained therein and otherwise denies the allegations in paragraph 225 to the extent directed to that Chimei Entity.  Each Chimei Entity denies the allegations in paragraph 225 for lack of knowledge or information sufficient to form a belief as to their truth in all other respects.

226.     The final sentence of paragraph 226 consists of Plaintiff's characterization of its claim and a legal conclusion, to which no response is required.  To the extent that a response is deemed required, each Chimei Entity denies the allegations in the final sentence of paragraph 226. Each Chimei Entity denies the remaining allegations in paragraph 226.

227.     Each Chimei Entity incorporates by reference and restates the responses to each of paragraphs 1 through 226 as set forth above.

228.     Paragraph 228 consists of a legal conclusion, to which no response is required.  To the extent that a response is deemed required, each Chimei Entity denies the allegations in

1  paragraph 228 to the extent directed to that Chimei Entity and denies them for lack of knowledge or

2  information sufficient to form a belief as to their truth in all other respects.

3       229.    Each Chimei Entity denies the allegations in paragraph 229 to the extent directed to

4  that Chimei Entity, except CMO-USA and Nexgen-USA admit that they have maintained offices in

5  California. Each Chimei Entity denies the allegations in paragraph 229 for lack of knowledge or

6  information sufficient to form a belief as to their truth in all other respects.

7       230.    Paragraph 230 consists of a legal conclusion, to which no response is required. To

8  the extent that a response is deemed required, each Chimei Entity denies the allegations in

9  paragraph 230 to the extent directed to that Chimei Entity and denies them for lack of knowledge or

10 information sufficient to form a belief as to their truth in all other respects.

11      231.    Paragraph 231 consists of Plaintiff's characterization of its claim and a legal

12 conclusion, to which no response is required. To the extent that a response is deemed required,

13 each Chimei Entity denies the allegations in paragraph 231 to the extent directed to that Chimei

14 Entity and denies them for lack of knowledge or information sufficient to form a belief as to their

15 truth in all other respects.

16      232.    Paragraph 232 consists of legal conclusions, to which no response is required. To

17 the extent that a response is deemed required, each Chimei Entity denies the allegations in

18 paragraph 232 to the extent directed to that Chimei Entity and denies them for lack of knowledge or

19 information sufficient to form a belief as to their truth in all other respects.

20      233.    Each Chimei Entity denies the allegations in paragraph 233.

21      234.    Paragraph 234 consists of a legal conclusion, to which no response is required. To

22 the extent that a response is deemed required, each Chimei Entity denies the allegations in

23 paragraph 234 to the extent directed to that Chimei Entity and denies them for lack of knowledge or

24 information sufficient to form a belief as to their truth in all other respects.

25      235.    Paragraph 235 consists of a legal conclusion, to which no response is required. To

26 the extent that a response is deemed required, each Chimei Entity denies the allegations in

27

28

1  paragraph 235 to the extent directed to that Chimei Entity and denies them for lack of knowledge or

2  information sufficient to form a belief as to their truth in all other respects.

3       236.    Each Chimei Entity denies the allegations in paragraph 236.

4       237.    Each Chimei Entity denies the allegations in paragraph 237 to the extent directed to

5  that Chimei Entity and denies them for lack of knowledge or information sufficient to form a belief

6  as to their truth in all other respects.

7       238.    Each Chimei Entity denies the allegations in paragraph 238.

8       239.    Paragraph 239 consists of a legal conclusion, to which no response is required.  To

9  the extent that a response is deemed required, each Chimei Entity denies the allegations in

10  paragraph 239 to the extent directed to that Chimei Entity and denies them for lack of knowledge or

11  information sufficient to form a belief as to their truth in all other respects.

12       240.    The final sentence of paragraph 240 consists of a legal conclusion, to which no

13  response is required.  To the extent that a response is deemed required, each Chimei Entity denies

14  the allegations in the final sentence of paragraph 240.  Each Chimei Entity denies the remaining

15  allegations in paragraph 240 to the extent directed to that Chimei Entity and denies them for lack of

16  knowledge or information sufficient to form a belief as to their truth in all other respects.

17                    **ADDITIONAL OR AFFIRMATIVE DEFENSES**

18       Without assuming any burden that it would not otherwise bear, each Chimei Entity asserts

19  the following additional and/or affirmative defenses to Plaintiff's Complaint.

20                         **First Affirmative Defense**

21       The Complaint fails to state a claim upon which relief can be granted.

22                        **Second Affirmative Defense**

23       Plaintiff's claims are barred, in whole or in part, because this Court lacks subject-matter

24  jurisdiction to adjudicate such claims.

25                         **Third Affirmative Defense**

26       The Foreign Trade Antitrust Improvements Act, 15 U.S.C. § 6a, bars Plaintiff's claims.

27

28

1

**Fourth Affirmative Defense**

2     Lack of standing bars Plaintiff's claims.

3

**Fifth Affirmative Defense**

4     Plaintiff's claims are barred, in whole or in part, to the extent that it did not purchase LCD

5 panels directly from defendants.

6

**Sixth Affirmative Defense**

7     Plaintiff's claims are barred by applicable statutes of limitation.

8

**Seventh Affirmative Defense**

9     Plaintiff has failed to allege fraud and/or fraudulent concealment with particularity.

10

**Eighth Affirmative Defense**

11     Plaintiff's claims are barred for lack of antitrust injury.

12

**Ninth Affirmative Defense**

13     Any injuries or damages that Plaintiff allegedly suffered were caused solely and

14 proximately by the acts and/or omissions of others.

15

**Tenth Affirmative Defense**

16     Plaintiff's claims for injunctive relief are barred, in whole or in part, because Plaintiff failed

17 to make the requisite showing of threatened future harm or continuing harm.

18

**Eleventh Affirmative Defense**

19     Any of Plaintiff's claims for an injunction or any other equitable relief are barred, in whole

20 or in part, because Plaintiff has available an adequate remedy at law.

21

**Twelfth Affirmative Defense**

22     Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to exercise due

23 diligence to uncover any alleged conspiracy.

24

**Thirteenth Affirmative Defense**

25     Plaintiff's claims are barred by the doctrines of waiver, estoppel, unclean hands and/or

26 laches.

27

28

28

**Fourteenth Affirmative Defense**

To the extent that any actionable conduct occurred, Plaintiff's claims are barred because all such conduct would have been committed by individuals acting *ultra vires*.

**Fifteenth Affirmative Defense**

Plaintiff's claims are barred to the extent that it has agreed to arbitration or agreed to a different forum for the resolution of its claims.  Each of the Chimei Entities specifically reserves all rights under such agreements, whether as a party to such agreements, under principles of equitable estoppel or otherwise.

**Sixteenth Affirmative Defense**

Plaintiff's claims are barred, in whole or in part, because the Chimei Entities' actions did not lessen competition in the relevant market.

**Seventeenth Affirmative Defense**

Plaintiff's claims are barred, in whole or in part, because Plaintiff has failed to allege that any Chimei Entity possessed or possesses market power in any legally cognizable relevant market.

**Eighteenth Affirmative Defense**

The Complaint should be dismissed on grounds of *forum non conveniens*.

**Nineteenth Affirmative Defense**

Plaintiff's claims are improperly joined within the meaning of Rule 20 of the Federal Rules of Civil Procedure, because they did not arise out of the same transaction, occurrence or series of transactions or occurrences and/or do not involve questions of law or fact common to all defendants.

**Twentieth Affirmative Defense**

Plaintiff's claims are barred, in whole or in part, by the doctrines of accord and satisfaction and/or release and settlement.

**Twenty-First Affirmative Defense**

Plaintiff's claims are barred, in whole or in part, by reason of claim splitting and by the doctrine of election of remedies.

**Twenty-Second Affirmative Defense**

Plaintiff's claims are barred, in whole or in part, insofar as the alleged conduct of each Chimei Entity was caused by, due to, based upon or in response to directives, laws, regulations, policies and/or acts of governments, governmental agencies and entities and/or regulatory agencies and, as such, is non-actionable or privileged.

**Twenty-Third Affirmative Defense**

Plaintiff's claims should be dismissed to the extent that they are barred, in whole or in part, for failure to join indispensable parties.

**Twenty-Fourth Affirmative Defense**

Plaintiff's claims, to the extent that they are based on alleged contracts, are barred, in whole or in part, because such alleged contracts lacked consideration.

**Twenty-Fifth Affirmative Defense**

Plaintiff's claims, to the extent that they are based on alleged contracts, are barred, in whole or in part, by operation of the Statute of Frauds.

**Twenty-Sixth Affirmative Defense**

Plaintiff's claims, to the extent that they are based on alleged contracts, are barred, in whole or in part, insofar as the alleged contracts resulted from a mutual mistake.

**Twenty-Seventh Affirmative Defense**

Plaintiff's claims are barred, in whole or in part, because all actions of each Chimei Entity being challenged by Plaintiff were lawful, pro-competitive, constituted *bona fide* business competition and were carried out in furtherance of each Chimei Entity's respective legitimate business interests.

**Twenty-Eighth Affirmative Defense**

Plaintiff's claims are barred, in whole or in part, because any actions or practices of any Chimei Entity that are the subject of the Complaint were not a product of any contract, combination or conspiracy between any Chimei Entity and any other person or entity.

**Twenty-Ninth Affirmative Defense**

Plaintiff's claims are barred, in whole or in part, by reason of Plaintiff's ratification of, acquiescence in, agreement or consent to the alleged conduct of each Chimei Entity.

**Thirtieth Affirmative Defense**

Plaintiff's claims should be dismissed to the extent that they are barred, in whole or in part, because any claimed injury or damage has been offset by benefits that Plaintiff received with respect to the challenged conduct.

**Thirty-First Affirmative Defense**

Plaintiff's claims are barred, in whole or in part, because an award of treble damages against the Chimei Entities based on the conduct alleged in the Complaint would violate the due process clauses of the Fifth and Fourteenth Amendments of the United States Constitution.

**Thirty-Second Affirmative Defense**

Plaintiff is barred from recovery of any damages because of, and to the extent of, its failure to mitigate damages.

**Thirty-Third Affirmative Defense**

Plaintiff's claims are barred because the alleged damages (if any) are speculative, and because of the impossibility of ascertaining and allocating those alleged damages.

**Thirty-Fourth Affirmative Defense**

Plaintiff's claims for an illegal overcharge are barred, in whole or in part, to the extent that such overcharge—the existence of which the Chimei Entities expressly deny—was absorbed, in whole or in part, by others and not passed to Plaintiff.

**Thirty-Fifth Affirmative Defense**

Plaintiff's claims are barred, in whole or in part, from recovery of damages to the extent that any restitution or award of damages to Plaintiff would be excessive, punitive and disproportionate to any alleged injury suffered by Plaintiff.

1

**Thirty-Sixth Affirmative Defense**

2      Plaintiff's claims are barred, in whole or in part, because Plaintiff would be unjustly

3   enriched if it were allowed to recover any part of the damages alleged in the Complaint.

4

**Thirty-Seventh Affirmative Defense**

5      Plaintiff's claims are barred, in whole or in part, to the extent that the injuries alleged in the

6   Complaint—the fact and extent of which are expressly denied by the Chimei Entities—were

7   directly or proximately caused by or contributed to by the statements, acts or omissions of Plaintiff

8   or third parties unaffiliated with the Chimei Entities.

9

**Thirty-Eighth Affirmative Defense**

10      Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff seeks damages

11   that are duplicative of damages sought in other actions.

12

**Thirty-Ninth Affirmative Defense**

13      Each Chimei Entity avers that it is entitled to set off any amounts paid to Plaintiff by any

14   other defendants that have settled (or do settle) Plaintiff's claims against them in this matter.

15

**Fortieth Affirmative Defense**

16      Each Chimei Entity incorporates by reference and asserts to the extent applicable all other

17   affirmative defenses set forth in the answers to the Complaint of each of the other defendants.

18

**Forty-First Affirmative Defense**

19      Each Chimei Entity reserves the right to assert other defenses as this action proceeds up to

20   and including the time of trial.

21

**PRAYER FOR RELIEF**

22      WHEREFORE, each Chimei Entity prays as follows:

23      1.      That the Complaint be dismissed with prejudice;

24      2.      That the Court enter judgment in favor of the Chimei Entities;

25      3.      That the Court award the Chimei Entities their respective costs and expenses,

26   including attorneys' fees; and

27      4.      That the Court award further relief as deemed just and proper.

28

32

Dated:   October 25, 2011

DAVIS POLK & WARDWELL LLP


By:       /s/ Christopher B. Hockett
               Christopher B. Hockett (SBN 121539)

Christopher B. Hockett (SBN 121539)
Neal A. Potischman (SBN 254862)
Sandra West (SBN 250389)
Samantha H. Knox (SBN 254427)
Micah G. Block (SBN 270712)
1600 El Camino Real
Menlo Park, California 94025
(650) 752-2000 / (650) 752-2111
chris.hockett@davispolk.com
neal.potischman@davispolk.com
sandra.west@davispolk.com
samantha.knox@davispolk.com
micah.block@davispolk.com

Jonathan D. Martin (admitted *pro hac vice*)
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
(212) 450-4000 / (212) 701-5800
jonathan.martin@davispolk.com

*Attorneys for Defendants Chi Mei Corporation,
Chimei Innolux Corporation (f/k/a Chi Mei
Optoelectronics Corp.), Chi Mei Optoelectronics
USA, Inc., CMO Japan Co., Ltd., Nexgen Mediatech
Inc., and Nexgen Mediatech USA, Inc.*

CHIMEI ENTITIES' ANSWER TO THE FIRST AMENDED COMPLAINT OF SB LIQUIDATION TRUST
CASE NO. 10-cv-5458 SI; MDL NO. 1827